Kent and Another *v.* White.

BURDEN OF THE ISSUE.—Suit for money paid to the defendant's use, &c. Answer, 1. Set-off. 2. That the money sued for was paid as part of the price of personal property sold by defendant to plaintiff, which the plaintiff refused to receive and to pay the residue of the price, whereby defendant was damaged, &c. Reply to the first paragraph of the answer, payment, and to the second, the general denial.

*Held,* that the burden of the issue was upon the plaintiff.

APPEAL from the *Warren* Common Pleas.

GREGORY, J.—The appellants sued *White* for money paid to his use, at his instance and request.

The defendant answered in two paragraphs, as follows: 1. That when this action was commenced, the plaintiffs were, and still are, indebted to him in the sum of $545 25, for 1090 bushels and 54 lbs. of ear corn delivered by defendant to said plaintiffs, at their warehouse at *Marshfield,* and the defendant offers to set-off against the amount due to the plaintiffs an amount equal thereto, and demands judgment for $151 49, the residue, and costs. 2. That in *December,* 1864, defendant sold and agreed to deliver, during the summer and fall of 1865, at the plaintiff's warehouse, at *Marshfield,* 1200 bushels of ear corn, for which the plaintiffs agreed to pay the sum of seventy-five cents per bushel, and agreed to pay the several sums mentioned in the complaint, on said contract, and that the same were so paid; that the defendant delivered 180 bushels and 22 lbs. of the 'corn, at the plaintiffs' warehouse, on the contract, and that he was ready and willing, within the time stipulated, to deliver the residue thereof, but the plaintiffs refused to accept the same, to the defendant's damage, $500." The plaintiffs replied to the first paragraph of the answer, that the corn mentioned therein was paid for by the plaintiffs before the commencement of the suit, in other and different money than that for which plaintiffs sue. The appellants filed the general denial to the second paragraph of the answer. On the trial,

the plaintiffs claimed the right to open and close the case to the jury, which was refused by the court, to which they excepted. The jury found for the defendant and assessed his damages at $26 29. The plaintiffs moved for a new trial, on the ground that the verdict was against the evidence, and for error of law occurring at the trial, in the refusal of the court to give the plaintiffs the opening and closing to the jury. The evidence is in the record, and shows that in *December*, 1864, the defendant agreed to deliver to the plaintiffs, at their warehouse in *Marshfield*, 1200 bushels of corn. There is conflict as to when it was to be delivered, and as to the price to be paid therefor. There is evidence tending to prove that it was to be delivered during the summer and fall of 1865, and that the price was seventy-five cents per bushel. In *January* and *February*, 1865, the plaintiffs paid on this contract, to third persons, on liabilities of *White*, $314 21, being .a part of the money sued for by them. *White*, after stating the contract, and the payment of the last named sum, testifies as follows: "In *March*, I wanted *Kent* to advance $50 on the corn; he studied on the matter and told me to come up *Tuesday* and he would do so. I came up again in *April* or *May*, and asked for the $50, and he then denied buying my corn at seventy-five cents. I then delivered 100 bushels, after he had refused to receive the corn on the contract, and stored it in the warehouse. I was always ready. The price of corn then was twenty to twenty-five cents. In his cross-examination he says: "I have examined the receipts of corn in store in *August* and *September*, 1865. I had not offered to deliver any corn on this contract before the date of these receipts." The evidence shows that the corn, except the 100 bushels, remained on *White's* farm, in cribs, up to *December*, 1865, and that he then promised to deliver it to the plaintiffs in *January*, 1866. *White* says, however, that the reason he made this promise was that he had been told by a justice of the peace that "*Kent* had the heels of him." *Kent* testified to the payment for the corn mentioned in the first para-

graph of the answer. *White*, in his rebutting evidence, says that "Mr. *Kent* has never paid me any money on the corn which the receipts in evidence call for." There are no receipts in evidence, and none referred to, except by *White*, for corn in store in *August* and *September*, 1865. This, therefore, is not in conflict with *Kent's* testimony as to the payment set up in the reply to the first paragraph of the answer. The evidence shows that the amount of money paid out by the appellants for the appellee was $393 71, which, added to the verdict, makes an aggregate of $420 allowed by the jury as the damages on the corn contract made in *December*, 1864.

Were the plaintiffs entitled to open and close the case to the jury?

It is claimed that the replication of payment is a denial of the answer. This position cannot be maintained. Payment is an affirmative plea, or reply, and is new matter. Under the issue formed on the first paragraph of the answer, the only question was as to the payment, and the plaintiffs had the burden of proof. In the absence of any proof whatever, the defendant was entitled to a verdict. The party upon whom rests the burden of the issues has, under the code, the right to open and close the case, and the party having that burden is the party who, if no proof is offered, will be defeated in the suit. *Judah* v. *The Trustees of the Vincennes University*, 23 Ind. 272.

The issue on the second paragraph of the answer did not take from the plaintiff the right to open and close the case to the jury.

The verdict is not sustained by the evidence. The appellants were not in default. They had paid $314 21 on the contract in *January* and *February*, 1865; no corn was delivered until *August* of that year, and then but 100 bushels. They were under no obligation to pay the $50 demanded by the appellee. They did not deny that they had contracted for the corn, they only disputed the terms of the contract. This was not sufficient to excuse the defendant from being ready at the place, as well as at the time,

of delivery. *White* never was ready at the place of delivery. He never offered more than the 100 bushels at the plaintiffs' warehouse in *Marshfield*, and that was received in store. The court erred in overruling the motion for a new trial.

The judgment is reversed, with costs, and the cause remanded, with directions to grant a new trial, and for further proceedings.

*B. F. Gregory* and *J. Harper*, for appellants.

*J. Park* and *S. T. Miller*, for appellee.