## RESIDENCE FIRE INSURANCE COMPANY v. MARTIN HANNAWOLD.

*Insurance—Valuation—Vacancy of Premises—Forfeiture of Policy.*

Application was made for insurance on a house and its contents. The company asked the cost value of the property, and accepted an answer giving an aggregate valuation. *Held* that it thereby waived a separate valuation of the house.

Where a fire insurance policy confines the company's liability to the actual cash value of the property at the time of the fire, and the company accepts an aggregate, instead of requiring a detailed valuation, it is presumed to regard itself as sufficiently protected.

In an action on a fire insurance policy, the notice attached to the plea of the general issue referred to the plaintiff's written application for insurance as a part of the contract of insurance, and alleged that he warranted his answers to the inquiries of the company to be true, and that the company had issued the policy in reliance on his representations. *Held*, that evidence of his verbal statements as to the value of the property, made at the time of the application, were properly excluded on the ground that the notice referred to the *written* application and answers.

A clause in an insurance policy declared that "if any change should occur affecting the title, condition, or occupancy of the property, whereby the risk will be increased, the same shall immediately be made known to the company," etc. *Held*, that in the absence of any condition declaring the vacancy of the premises to be an increase of risk, such an understanding cannot be grounded on this provision.

In a suit on an insurance policy, a charge denying the right of recovery if the risk was increased at any time, was *held* properly refused as an abstraction not pointing out the matters of increase and not confining the request to the defenses pleaded.

In a suit on a fire insurance policy such a defense as that the plaintiff burned his own property must be specially averred, and the burden is on the company to establish it.

Clauses of forfeiture in an insurance policy must be explicit.

Error to Van Buren. Submitted June 8. Decided June 19.

Assumpsit on an insurance policy. The facts are in the opinion.

*Albert Jackson* and *Cowles & Cahill* for plaintiff in error. Misstatements of value should have avoided the policy. *Amer. Ins. Co. v. Gilbert*, 27 Mich., 429; *N. A. F. Ins. Co. v. Throop*, 22 Mich., 146. The destruction of the property by the insured himself can be shown under a plea of the general issue to an action on the policy. Stephens' Pl., 173; *Kinnie v. Owen*, 1 Mich., 249; *Taff v. Hosmer*, 14 Mich., 309; *Ingalls v. Eaton*, 25 Mich., 32; *Wilson v. Wagar*, 26 Mich., 455; *Rawson v. Finlay*, 27 Mich., 268; *Dean v. Chapin*, 22 Mich., 276.

*Richards & Mills* for defendant in error. The right to

set up misrepresentations as a defense to an action on the policy was waived by neglecting to give notice of them under the plea of the general issue. *Circ. Ct.* Rule 104; *Home Ins. Co. v. Curtis,* 32 Mich., 403; *Haskins v. Hamilton M. Ins. Co.,* 5 Gray, 432; *N. Y. Cent. Ins. Co. v. Nat: P. Ins. Co.,* 20 Barb., 468; *Sussex County Mut. Ins. Co. v. Woodruff,* 2 Dutch., 541; *Phœnix Ins. Co. v. Lawrence,* 4 Met. (Ky.), 9; *Cassacia v. Phœnix Ins. Co.,* 28 Cal., 628; May on Insurance, § 588, and cases cited. And the evidence was inadmissible as tending to contradict the written application of the insured. *People v. Jones,* 24 Mich., 228.

CAMPBELL, J. Hannawold sued plaintiff in error on a policy of insurance, for the loss of his house by fire. The policy was issued on the 19th of September, 1874, upon his house and various classes of furniture and personal property in separate amounts, the house being insured for $250, and the personal property in all for $450. Only the house was destroyed, as Hannawold had moved out of it some time before.

As a condition precedent, Hannawold was obliged to answer several questions, in connection with his application for insurance. Among others was the following: "What is the cost value of this property? Answer: $880."

The notice appended to the plea of the general issue set forth an application in writing alleged to form a part of the contract of insurance, and it was alleged that he represented, warranted and made it a condition thereof that his answers to the questions and statements in said application "touching the title, value and condition of the property offered for insurance should be full, just and true expositions of the facts and circumstances influencing said hazard." It subsequently averred "that said plaintiff represented, warranted and stated the cash value of the said dwelling-house was three hundred and fifty dollars, which said plaintiff well knew to be false, and the value thereof was not more than one hundred and fifty dollars; that the said representations were so made to defraud said defendant; that upon the faith that such representations, warranty and statements were

37 MICH.—14.

true, the defendant issued said policy and was deceived thereby."

The jury found a verdict for $200. The policy confined the amount payable under it to the actual cash value at the time of the fire.

The court below excluded evidence of verbal statements of the insured concerning the value of the house, made at the time of the application, on the ground that the notice referred to the written application and answers. We think this was correct, and that the notice must be fairly so construed. And we are further of opinion that by accepting an answer which only set forth an aggregate valuation of all the property, the company indicated that they did not care about any separate valuation of the house, and regarded themselves as sufficiently protected by confining the liability to the cash value at the time of the fire. See *People v. Jones*, 24 Mich., 215; *Peoria Insurance Co. v. Perkins*, 16 Mich., 380.

Objection is also made that the court ruled out testimony offered as tending to show that Hannawold burned his own house. It is enough to say that no such defense is set up. Such a defense must be specially averred, and the burden is on the company to establish it. *Thurtell v. Beaumont*, 1 Bing., 339; *Regnier v. Louisiana State Marine and Fire Ins. Co.*, 12 La., 336; *McConnel v. Delaware Ins. Co.*, 18 Ill., 228; *Mayhew v. Phœnix Ins. Co.*, 3 Mich., 105.

A charge refused concerning misrepresentations of value comes under the considerations before referred to. And the refusal to give a charge denying the right of recovery if the risk was increased at any time was proper as abstract and not pointing out the matters of increase, and as not confining the request to the defenses pleaded, which were all properly laid before the jury.

It is further objected that the court erred in not charging the jury that leaving the premises vacant without notice avoided the policy, but on the contrary told them it would not do so unless done in bad faith, and with a design of exposing the building to extra hazard.

The provision frequently found in policies avoiding them

for vacancy is not contained in the one before us. There is a provision declaring that "if any change should occur affecting the title, condition or occupancy of the property, whereby the risk will be increased, the same shall immediately be made known to the company, and this policy canceled or a corresponding increase of premium paid therefor, at the option of the company." In the absence of any condition declaring the vacancy of property to be regarded as an increase of risk, we do not think this provision calculated to inform the insured of any such understanding, nor can he, in our opinion, be regarded as in fault for not so understanding it. The language is not calculated to create such an impression, and should not be strained for that purpose. It is addressed to ordinary persons and not to lawyers, and any clause involving the risk of a forfeiture should be made clear to the commonest comprehension.

There is no error in the record, and the judgment must be affirmed, with costs.

The other Justices concurred.