GEORGE W. MORLEY v. THE LIVERPOOL, LONDON & GLOBE INSURANCE COMPANY.

[See 85 Mich. 210.]

*Fire insurance—Pleading—Incendiarism—Fraud—Evidence.*

1. The burden of proof is upon the defendant in a suit upon a fire insurance policy to establish the defense that the assured caused the destruction of the insured property, notice of which defense must be given.

2. An averment in a declaration on a fire insurance policy, that the property was destroyed by fire without any fraud, negligence, procurement, or privity of the assured, will not change the rule requiring notice of a defense that the assured caused the destruction of the insured property.

3. Evidence that the assured was doing a losing business, and could not pay his gas bills, is too remote to be introduced in support of a claim of fraud on his part in making false statements as to the goods destroyed, and in producing fraudulent bills of goods, which he claimed to have purchased and placed in stock.

Error to Saginaw. (Edget, J.) Argued June 22, 1892. Decided July 28, 1892.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion, and in 85 Mich. 210.

*Wisner & Draper* (*Benton Hanchett,* of counsel), for appellant.

*William G. Gage* (*L. C. Holden,* of counsel), for plaintiff.

GRANT, J. The essential facts in this case are sufficiently stated in 85 Mich. 210. A second trial resulted in a verdict for plaintiff. Two errors are now assigned; one involving the rejection of evidence, and the other the charge of the court.

1. Emanuel Lenhoff, the son of Joseph M. Lenhoff, the real party in interest, was produced as a witness for the plaintiff, and testified to the condition and value of the goods, and the character of the damage done by the fire. On cross-examination he was asked the following question:

"Don't you know that your father had not been making money enough to pay his bills?"

Joseph M. Lenhoff was also produced as a witness, and upon cross-examination, while being examined as to his financial condition, business, and expenses preceding and at the date of the fire, was asked,—

"What was the amount of your gas bills?"

These questions were excluded as not within any defense set up in the plea.

When the first question was asked and objection made, the court asked counsel for the defendant what bearing the character of the business immediately preceding the fire had upon the defense, to which counsel replied:

"We have no doubt, and claim in this case from the evidence, that this was an incendiary fire, and that this

is an important consideration in determining the questions that arose afterwards as to the fraudulent purpose of Mr. Lenhoff in making his proofs of loss and claim under these bills."

When the second question was asked, counsel stated that the purpose and object of it was to show one step in the perpetration of this fraud by incendiarism. After the ruling of the court was made, counsel for defendant stated that they understood that the ruling covered any testimony tending to show the condition of Lenhoff's business at the time of the fire; to which the court replied:

"Yes, except as it may tend to show a motive for misrepresentation as to the amount of his stock. This has no tendency of that kind, and the objection is therefore sustained."

Other remarks passed between the court and counsel, after which the court again said:

"The ruling simply goes to the extent now that the present testimony that you are offering tends simply to show a motive, perhaps, for the destruction of the property."

Counsel replied:

"Yes, sir; that covers the ground."

It is the rule in this State that the defense that the plaintiff caused the destruction of his own property must be specially averred in the plea, and that the burden of proof is upon the defendant to establish it. *Residence Fire Insurance Co. v. Hannawold*, 37 Mich. 103. The rule is reasonable. The presumption is that plaintiff is innocent of the crime charged against him. If such a defense is to be made, it is but fair to require notice of it by the plea. We do not think the averment in the declaration that the property was destroyed by fire with-

out any fraud, negligence, procurement, or privity of Lenhoff changed the rule.[1]

But it is insisted that the evidence was competent for the purpose of establishing the fraud of which notice was given, viz., making false statements as to the goods destroyed, and producing fraudulent bills of goods, which he claimed to have purchased and placed in stock[2] I think the evidence was too remote for that purpose. Lenhoff might have been doing a losing business, and might have paid large gas bills, and still these facts have had no bearing upon the amount of goods on hand at the time of the fire.

2. The court properly refused to give the following requests:

"If the jury find that the damage or destruction of the goods in question was caused in any manner by the fraud, procurement, or privity of said Lenhoff, the plaintiff cannot recover.

"If the jury find that the fire which caused the damage to the goods in question was incendiary, and was caused by the procurement or privity of said Lenhoff, the plaintiff cannot recover." *Residence Fire Insurance Co. v. Hannawold,* 37 Mich. 103.

Judgment affirmed.

The other Justices concurred.

---

[1] In support of the contrary rule, counsel for defendant cited: 1 Chitty, Pl. 228, 229; 1 Greenl. Ev. § 51; *Knopf v. Morel,* 111 Ind. 570; *Jerome v. Whitney,* 7 Johns. 321; *Calvo v. Davies,* 73 N. Y. 211.

[2] In support of this contention defendant's counsel cited: *Lincoln v. Claflin,* 7 Wall. 132, 138; *Butler v. Watkins,* 13 Id. 456, 464; *Castle v. Bullard,* 23 How. 172, 186; *Bottomley v. U. S.,* 1 Story, 135, 143; *Smith v. Schwed,* 9 Fed. Rep. 483, 485; *Cary v. Hotailing,* 1 Hill, 311, 316.