*In the matter of the Petition of* F. H. MUTCHLER *for a Writ of Habeas Corpus.*

LARCENY —*Felonious Intent, not Shown.* If one hires a team and buggy of another, pretending that he wants them to drive to a certain place and to be gone a specified time, when in fact he merely intends to take them for a ride to another or more distant place, and then leaves them for the owner at such place to get again, with no intention to permanently use the team, or to deprive the owner of them entirely, and subsequently in accordance with his original intention only retains the team four or five hours, and then puts them in a stable, for the owner, at the place where he has driven them, and at once sends a letter to a friend at the place where the owner resides of what he has done with the team, and to give notice to the owner thereof, and such notice is given but somewhat delayed, *held*, that the party hiring the team is not guilty, under the circumstances, of larceny of the property.

## Original Proceeding in Habeas Corpus.

A PETITION for writ of *habeas corpus* was filed in this court on March 21, 1895, on behalf of *F. H. Mutchler*, who is charged with grand larceny, committed in Johnson county, in this state, on the 5th of January, 1895. The petition, among other things, shows that he was arrested in January, 1895, and on the 5th of February, 1895, had a preliminary examination before a justice of the peace at Olathe, in Johnson county, who found that the crime of grand larceny had been committed, that there was probable cause for believing the petitioner guilty thereof, and requiring him to enter into a recognizance in the sum of $600 for his appearance at the district court in Johnson county to answer to the crime alleged against him, and in default thereof to be committed to the county jail of that county. The petitioner, being unable to give the recognizance, was committed to jail, and is confined therein by the jailer of Johnson county. The petitioner was required

to give notice of his application for a writ of *habeas corpus*, and the case was assigned for hearing at the April sitting of the court for 1895. The case was heard upon a certified copy of the evidence introduced upon the preliminary examination, and a stipulation signed by the attorneys of the petitioner and the county attorney of Johnson county as to what other evidence could be offered against the prisoner.

*Parker & Hamilton*, and *S. D. Scott*, for petitioner.

*F. R. Ogg*, for respondent.

The opinion of the court was delivered by

HORTON, C. J. : The petitioner alleges that he should be discharged from imprisonment because the evidence fails to show the commission of any offense on his part. (*In re Eberle*, 44 Kas. 472.) It appears that on Tuesday, the 5th of January, 1895, at Spring Hill, in Johnson county, M. S. Johns obtained of S. B. Swarts, a liveryman, a team of horses, with harness, buggy and robe, saying he wanted the team to go to the Hutchinson schoolhouse. This place was a half a mile north and four miles east of Spring Hill. Soon afterward F. H. Mutchler came to the barn and asked how much the team would cost if they were back at 1 o'clock on that day. Swarts answered $1.50. Mutchler made arrangements for the payment of that amount. Doctor Stevens, of Spring Hill, was present at the conversation. Thereupon the team was furnished, and Mutchler and Johns got into the buggy and drove away. Instead of going to the Hutchinson schoolhouse, the team was driven to Martin City, in Missouri, about 15 miles from Spring Hill. They reached there about noon of the day they left Spring Hill. Johns put the team in the stable, ordered the horses

rubbed down and fed.    He then wrote a letter to Doc-
tor Stevens at Spring Hill, requesting him to inform
Swarts his team was at Martin City.    This letter was
placed in an envelope addressed to Doctor Stevens at
Spring Hill.    It was properly stamped and mailed at
the post-office at Martin City, Mo., about 1 o'clock of
January 5.    It was received at Spring Hill the same
day.    It was delivered to Mrs. Stevens on Monday
evening, January 7.    She turned it over to Swarts
the same evening.    The team was found at Martin
City on Tuesday morning, the 7th of January, by
William Mullinson, the son-in-law of Swarts, who
brought them back to Spring Hill on the same day.
While neither Johns nor the petitioner intended to go
to the Hutchinson schoolhouse when they obtained
the team, they had no purpose at that or any other
time to steal the property, or to deprive the owner en-
tirely of the same.    They merely intended to take the
team for a ride, and then leave the property for the
owner to get again.    They only had possession a few
hours.    When they had driven to Martin City, Johns
put the team in the stable for the owner and notified
Doctor Stevens at Spring Hill where the team was,
and requested him to inform Swarts what they had
done.

If the property had not been left at Martin City for
the owner, and if no notice had been sent to him
thereof, the making a different use of the property
from that contemplated by the hiring would furnish
some evidence that the original intention was felon-
ious and that the hiring was a mere device to obtain
the possession from the owner and an opportunity to
steal the property.    (*The State v. Woodruff*, 47 Kas.
151.)    The conduct of the parties at Martin City re-
buts the presumption that Mutchler meant to deprive

Swarts of the property.  "A felonious intent means to deprive the owner, not temporarily, but permanently, of his own property without color of right or excuse for the act, and to convert it to the taker's use without the consent of the owner."   Upon the facts there was no felonious intent existing in the mind of Mutchler at the time of the original taking, nor was there any subsequently superadded felonious intent on his part.

The petitioner will be discharged.

All the Justices concurring.