The State v. Shepherd.

---

THE STATE OF KANSAS v. MILTON SHEPHERD AND CHARLES STEWART.

No. 12,613.   (66 Pac. 236.)

SYLLABUS BY THE COURT.

1. GRAND LARCENY—*Instruction as to Felonious Intent.* When defendants tried upon a charge of grand larceny admit the taking, but defend on the ground that the taking was in jest, and with the intent to return the property presently to the owner, and the property so taken is returned to the owner, they are entitled to a charge from the court defining the term "felonious intent," as used in connection with larceny.

2. ——— *"Felonious Intent" Defined.* The term felonious intent, as used in relation to larceny, "means to deprive the owner, not temporarily, but permanently, of his property, without color of right or lawful excuse for the act, and to convert it to the taker's use without the consent of the owner." (*In re Mutchler, Petitioner*, 55 Kan. 164, 40 Pac. 283.)

Appeal from Rush district court; J. E. ANDREWS, judge. Opinion filed October 5, 1901. Division two. Reversed.

35—63 KAN.

*A. A. Godard*, attorney-general, and *H. L. Ander-son*, for The State.

*S. I. Hale*, and *H. Fierce*, for appellants.

The opinion of the court was delivered by

POLLOCK, J. : Appellants were arrested and tried on the charge of grand larceny in the stealing of a saddle, convicted of petit larceny, and now appeal to this court. The sole claim of error relied on for reversal by appellants arises on the instructions of the court to the jury and the refusal to charge as requested by defendants.

It is contended by counsel for appellants that the taking of the saddle stands admitted in the record. The defense relied on is that it was taken in jest, for a temporary purpose, with the design of returning it to the owner, and that the trial court erred in not charging the jury, as requested by appellants, on this theory of the defense. There would seem, from the the briefs filed on behalf of the state, to be no contention as to the right of appellants to the charge requested, except on the one ground urged, that the taking of the saddle does not stand admitted in the record, but was denied by appellants on the trial, and, as a consequence, there was no testimony on which to base such a charge.

An examination of the testimony found in the record shows that the appellants admitted upon the trial the taking of the saddle from the horse of the owner, Moran, and the placing of the same upon a horse ridden by one of the appellants, and that the conflict in the testimony arises on the proposition as to whether the saddle was left by appellants at the place where Moran's horse was hitched, as claimed

by them, or whether it was taken a short distance from this place and only returned by appellants when charged with the theft, as testified to by witnesses for the state.   However, the original taking is admitted. The carrying away, or the attempt to carry the saddle away, is the disputed point in the testimony.

The guilt or innocence of appellants depends on the presence or absence of a felonious intent in their minds at any time while in the possession of the saddle to deprive the owner permanently of his property and convert it to their own use.   As was said by Chief Justice Horton, in *In re Mutchler, Petitioner*, 55 Kan. 164, 40 Pac. 283 :

"A felonious intent means to deprive the owner, not temporarily, but permanently, of his own property, without color of right or excuse for the act, and to convert it to the taker's use without the consent of the owner."   (See, also, *Schultz v. The State*, 30 Tex. App. 94, 16 S. W. 756 ; *Mitchell et al. v. The Territory of Oklahoma*, 7 Okla. 527, 54 Pac. 782 ; *People v. Brown*, 105 Cal. 66, 38 Pac. 518.)

For the failure of the trial court to instruct upon this theory of the defense, its judgment must be reversed.

DOSTER, C. J., CUNNINGHAM, J., concurring.