VALLEY MERCANTILE CO. ET AL., RESPONDENTS, *v.* ST. PAUL FIRE & MARINE INS. CO., APPELLANT.

(No. 3,395.)

(Submitted September 15, 1914.   Decided September 29, 1914.)

[143 Pac. 559.]

*Automobiles—Insurance Against Theft—When Insurer not Liable—Larceny—Criminal Intent—Burden of Proof—Evidence —Insufficiency.*

Automobiles—Insurance Against Theft—Criminal Intent—Burden of Proof.
  1.   Before plaintiff could prevail in an action to recover on a policy under the terms of which he was insured against loss by theft of his automobile, he had the burden of proving every element of the crime of larceny, including that of criminal intent in the taker to permanently deprive the owner of his property.

  [As to what constitutes larceny, see notes in 57 Am. Dec. 271; 88 Am. St. Rep. 559.]

Same—Evidence—Insufficiency.
    2. An automobile which had been insured against damage occasioned by theft was left in a paint-shop by its owner to be repainted. Men employed in the shop appropriated it for the purpose of taking a "joy ride," during the course of which it was injured. *Held* that the taking did not constitute larceny, in the absence of proof of a criminal intent in the takers to permanently deprive the owner of the machine of his property, and that therefore the insurer was not liable.

*Appeal from the District Court, Missoula County; J. E. Patterson, Judge.*

ACTION by the Valley Mercantile Company and Ralph C. Stiff against the St. Paul Fire & Marine Insurance Company. From a judgment for plaintiffs and from an order denying it a new trial, the defendant appeals. Reversed and remanded, with directions to dismiss the complaint.

*Mr. William Wayne,* for Appellant, submitted a brief and argued the cause orally.

*Mr. Henry C. Stiff,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In November, 1910, the Valley Mercantile Company and Ralph C. Stiff secured a policy of insurance upon their automobile. In April following, while the policy was in full force and effect, the owners placed the car in a paint-shop in Missoula to be repainted, and while there it was taken by Ed. Le Vasseur and Victor Ellis, employees in the paint-shop, and by them driven to De Smet and damaged. Under the terms of the policy the owners were insured against loss in excess of $25 on any single occasion, resulting from the theft of the automobile "by persons other than those in the employ, household or service of the assured." Demand was made upon the insurance company for an amount sufficient to cover the loss, and, upon refusal, this action was instituted. The complaint, after formal recitals relating to the insurance, alleges that "the automobile  *   *   *

was by some person or persons not in the employ of plaintiffs nor in the household or service of plaintiffs or either of them, and without the consent and against the will and wish of plaintiffs, stolen and taken from the place where the same was at the time kept in the city and county of Missoula, state of Montana, and said automobile was by the said person or persons so taking and stealing the same, injured and damaged in the sum and to the extent of four hundred ($400.00) dollars.'' Issues having been framed, the cause was tried to the court sitting with a jury. A motion for a nonsuit and a motion for a directed verdict were denied. Plaintiffs prevailed and defendant has appealed from the judgment and from an order denying it a new trial.

But one assignment needs to be considered. If the evidence is sufficient to sustain the verdict, the slight errors occurring at the trial ought not to work a reversal of the judgment. If the evidence is insufficient, it is apparent that a new trial would be useless.

A day or two after the automobile was left in the paint-shop Le Vasseur and Ellis at the close of the working day, about 5 P. M., in the absence of the owner of the shop and without his knowledge or consent or the knowledge or consent of the plaintiffs, or either of them, took the automobile from the shop, ran it to a point near De Smet, where an accident occurred which caused considerable damage to the car. A telephone message was sent to a public garage in Missoula for help, and James Hartley responded. When he reached De Smet he found Le Vasseur and Ellis at the broken car—the car headed toward Missoula—and they assisted him in towing it into the city and in replacing it in the paint-shop. Both of these men continued to work at the shop for a considerable time after the injury to the car was discovered by the owners. The owner of the paint-shop locked the front door—the only one through which the automobile could be moved—before he left the shop on the day in question. This was the only evidence which tended to characterize the taking at the time plaintiffs rested and defendant interposed its motion for a nonsuit. On behalf of the defend-

ant, Le Vasseur, one of the men who took the car, testified that it was taken only for a "joy ride" and without any intention of stealing it; that they intended to take a ride about Missoula and restore the car to the paint-shop; that after they had reached a point a short distance beyond the station at De Smet they turned and started back to Missoula; that when opposite the station the car "blew up"; that they immediately telephoned in to the garage in Missoula and waited at the car until Hartley came for them.   On cross-examination he testified that they secured gasoline to run the car from the paint-shop; that it belonged to Wilburn, who owned the shop, and was kept for cleaning and for cars in the shop that run short; that they left the shop with the car about 5:30 or 5:45, April 13, in daylight, and were seen by employees of a near-by laundry, and that they took the car at a time when the owner of the shop and the owners of the car would not likely see them.   With certain testimony touching the efforts of plaintiffs to effect a settlement, the foregoing is in substance all the evidence produced upon the trial of this cause.

The liability or nonliability of the insurance company depends [1, 2] entirely upon the answer to the question, Does this evidence prove that the car was stolen from the paint-shop?   It is earnestly contended by counsel for respondents that, the taking being admitted, the question of the intent with which the car was taken was one for the jury's determination; and this is true, provided there is direct evidence of such intention or facts and circumstances from which such intention can be inferred. The only direct evidence of intention is that given by Le Vasseur above.   Since this is a civil action, plaintiffs were required to prove their case only by a preponderance of the evidence, but to recover at all they had the burden of proving every element of the crime of larceny.   Section 8112, Revised Codes, so far as applicable here, provides: "In every crime or public offense there must exist a union or joint operation of act and intent." The fact that the taking was altogether wrongful and that it was the intention of Le Vasseur and Ellis to appropriate the car to their own use during the ride and to that extent to de-

prive the owners of the use of their property, are not sufficient to constitute their acts larceny. They must have had a criminal intent—the intention to steal the car, without which the act of taking, however reprehensible and wrongful, amounted only to a trespass or a civil wrong.

In *State* v. *Rechnitz,* 20 Mont. 488, 52 Pac. 264, this court adopted the very terse expression of the rule from the court of appeals of New York, as follows: "Every taking by one person of the personal property of another without his consent is not larceny; and this although it was taken without right or claim of right and for the purpose of appropriating it to the use of the taker. Superadded to this there must have been a felonious intent, for without it there was no crime. It would, in the absence of such intent, be a bare trespass, which, however aggravated, would not be crime. It is the criminal mind and purpose going with the act which distinguishes a criminal trespass from a mere civil injury." (*McCourt* v. *People,* 64 N. Y. 583.)

To constitute the crime of larceny, the intent which accompanies the act of taking must be the criminal intent to deprive the owner of his property, not temporarily, but permanently. In *In re Mutchler,* 55 Kan. 164, 40 Pac. 283, the supreme court of Kansas said: "A felonious intent means to deprive the owner, not temporarily, but permanently, of his own property, without color of right or excuse for the act, and to convert it to the taker's use without the consent of the owner." This is quoted with approval in *State* v. *Shepherd,* 63 Kan. 545, 66 Pac. 236. In *People* v. *Brown,* 105 Cal. 66, 38 Pac. 518, the trial court instructed the jury that larceny may be committed even though it was only the intent of the party taking the property to deprive the owner of it temporarily. Of this instruction the supreme court said: "But the test of law to be applied to these circumstances for the purpose of determining the ultimate fact as to the man's guilt or innocence is: Did he intend to permanently deprive the owner of his property? If he did not intend so to do, there is no felonious intent, and his acts constitute but a trespass. While the felonious intent of the party taking need

not necessarily be an intention to convert the property to his own use, still it must in all cases be an intent to wholly and permanently deprive the owner thereof.'' Many other cases holding to this same view are collected in the notes in 25 Cyc. 45.

Considered in the light of these rules, the facts stated do not warrant the inference that the car in question was taken by Le Vasseur and Ellis with the criminal intent to deprive the owners of it permanently, and therefore the car was not stolen, and this case does not come within the provision of the insurance policy referred to above. Upon facts very similar this same conclusion was reached in *Bigus* v. *Pacific Coast Casualty Co.*, 145 Mo. App. 170, 129 S. W. 982, *Smith* v. *State* (Tex. Cr. App.), 146 S. W. 547, and *Travelers' Indemnity Co.* v. *Fawkes*, 120 Minn. 353, 45 L. R. A. (n. s.) 331, 139 N. W. 703.

The facts do bring the case clearly within the rule that ''where one without permission borrows goods of another intending and having the power to restore or replace them, the taking, although wrongful, does not constitute larceny.'' (25 Cyc. 49 (i).)

The motion for a directed verdict should have been sustained. The judgment and order are reversed and the cause is remanded, with directions to dismiss the complaint.

*Reversed and remanded, with directions.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.