WEAVER *v.* NATIONA CASUALTY COMPANY OF
DETROIT, MICHIGAN, ET AL.

[No. 11,797. Filed April 24, 1924.]

1. INSURANCE.—*Accident Insurance.*—*Proof of Loss.*—*Burden of Proof.*—In an action on an accident insurance policy, the burden is on the plaintiff to establish that proof of injury was made within the time prescribed by the policy or to show waiver of the requirement. p. 424.

2. INSURANCE.—*Accident Insurance.*—*Proof of Loss.*—*Delivery at Place and to Party Specified.*—Where an accident policy required proof of injury to be furnished insurer at its office in a designated city within a specified time from date of loss, the delivery of such proof to one through whose solicitation the policy was issued was insufficient to sustain recovery thereon. p. 424.

3. APPEAL.—*Review.*—*Sufficiency of Evidence to Sustain Some Facts.*—*Finding Precluding Recovery.*—The fact that some of the facts stated in a special finding were not sustained by the evidence is not ground for reversal of a judgment for defendant, where other facts found, which were sustained by the evidence, preclude a recovery by the plaintiff. p. 424.

From Marion Superior Court (A18,550); *Linn D. Hay,* Judge.

Action by Warren Weaver against the National Casualty Company of Detroit, Michigan, and the Indiana Daily Times. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Charles B. Clarke* and *Walter C. Clarke,* for appellant.
*Turner, Adams, Merrell & Locke,* for appellees.

McMahan, J.—Complaint by appellant against the National Casualty Company, hereafter designated as appellee, and the Indiana Daily Times on an accident insurance policy. From a judgment in favor of appellees, appellant appeals and contends that the court erred in the conclusions of law and in overruling his motion for a new trial.

The facts as found by the court are, in substance, as follows: On October 5, 1921, appellant purchased a policy of accident insurance from appellee, through the solicitation of the Indiana Daily Times; that, on said day, appellee issued and delivered to appellant an insurance policy, indemnifying and insuring him against death or disability resulting directly and independently of all other causes from bodily injuries sustained through external, violent and accidental means, "by the wrecking or disablement of any * * * motor driven car in which assured is riding or driving, or by being accidentally thrown from such vehicle or car." On June 30, 1922, while this policy was in force, appellant suffered an injury through violent and accidental means, which resulted in amputation of one foot above the ankle; that said injury was caused in the following manner, that is to say, while appellant was riding as a passenger in an automobile truck, a collision occurred between such truck and an automobile operated by another person. Appellant seeing that a collision was imminent, jumped from the truck into the street, in order to avoid an accident, and was struck by

the automobile. As a result thereof, his leg was broken and his foot afterwards amputated.

The court also found that appellant was not accidentally thrown from the vehicle in which he was riding and that such vehicle was not wrecked or disabled; that about a month after the accident, appellant notified appellee of the accident, and sometime thereafter, a man named Miller brought a form of proof of claim to appellant, which appellant filled, and which appellant's wife delivered to the Indiana Daily Times.

Upon these facts, the court concluded that the law was with appellee and that appellant take nothing.

Appellant contends that the decision of the court is not sustained by sufficient evidence, and that the court erred in its conclusions of law.

The policy in question is set out in the special finding and it required that notice of injury be given appellee at its office at Detroit, Michigan, within ninety days after the injury; that the insurance company, upon receipt of such notice, would furnish forms for making proofs of loss; that proof of loss should be furnished to the insurance company, at its office in Detroit, within ninety days after the date of the loss and that failure of the company to furnish such forms within fifteen days from receipt of such notice, should be deemed a waiver of the requirement of the policy as to proof of loss.

Appellant contends that the finding, in so far as it states the facts as to the manner in which he was injured; that he was not accidentally thrown from the car; that the car in which he was riding was not wrecked or disabled and that a man by the name of Miller brought proof of claim to appellant, which was filled out and delivered to the Indiana Daily Times, is not sustained by sufficient evidence. Appellant, however, makes no attempt to point out any evidence showing that he

complied with the provision of the policy requiring proof of loss to be furnished appellee within ninety days after the date of the loss. There is no evidence or finding that proof of loss was waived. The burden was on appellant to make proof of loss or show waiver of such proof. Delivering proof of loss to the Indiana Daily Times was not a compliance with the requirements of the policy and was not sufficient to warrant a recovery. The finding of the court bearing upon proof of loss is sustained by and is in harmony with the evidence. This being true, the fact that some other facts as stated in the finding are not sustained by the evidence, would not be of any avail. If such other facts had been found in accordance with appellant's contention, the facts as found would not be sufficient to warrant a judgment in his favor, when there is no finding that the necessary proofs of loss were made as and when required by the terms of the policy, or that such proof was waived.

It follows that the court did not err in overruling the motion for a new trial or in its conclusions of law.

Judgment affirmed.