LYONS AT AL. *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY.

[No. 11,658. Filed November 20, 1924. Rehearing denied February 24, 1925. Transfer denied June 21, 1928.]

*Walter Olds, Albert E. Thomas* and *Howard L. Townsend* for appellants.

*Arthur W. Parry,* for appellee.

REMY, J.—On August 25, 1920, appellants, as partners, owned and operated a store for the sale of furs at retail. On that day appellee issued to appellants a policy of insurance by which appellee agreed to indemnify appellants against loss by burglary. This action is by appellants to recover on the policy. The complaint, which is in the usual form in such cases, contains an averment that on August 26, 1920, "furs and goods of the value of $8,418.09 of the property of said plaintiffs covered by said insurance, and being a part of their stock of goods in their said store, were feloniously taken and carried therefrom in the nighttime." In addition to a formal answer in denial, appellee filed an answer setting up that the policy sued on contained the following provision: "This policy shall not cover any loss . . . if the assured or any associate in interest . . . is implicated as principal or accessory in effecting or attempting to effect the loss"; and that if there were any articles of merchandise removed from the premises during the night of August 26, 1920, as averred in the complaint, such merchandise was removed "by the plaintiff Harry Lyons, in person, or with the full knowledge, consent, and by the express authority and direction, of the said Harry Lyons." To this paragraph of answer appellants filed a reply in denial. Verdict and judgment for appellee.

Overruling motion for a new trial is the only error assigned, and the only reason for a new trial presented to this court as a cause for reversal is the action of the trial court in refusing to give instruction No. 12 ten-

dered by appellants. By this instruction, the court was asked to instruct the jury that in order to defeat a recovery "upon the issue" presented by the special paragraph of answer, "it was necessary for the defendant to establish by a preponderance of the evidence" that the goods alleged to have been taken from the store, "had been removed from the premises by the plaintiff Harry Lyons, in person, or by his authority and direction."

On the trial of the cause, it was the theory of appellee, defendant below, that there was no burglary, no felonious removal of the goods, as averred in the complaint. In support of this theory there was much evidence, and the court, on its own motion, by its instruction No. 8, instructed the jury that there could be no recovery unless plaintiffs by a preponderance of the evidence had established "the fact that their store was burglarized, and that a portion of their goods was stolen and carried away by such burglary," and that if the jury should find from the evidence "that no goods of plaintiffs were stolen or carried away in such burglary," its finding should be "for the defendant." The correctness of this instruction is not questioned. That it is a correct statement of the law, see *Fidelity & Casualty Co.* v. *Dulany* (1914), 123 Md. 486, 91 Atl. 574; *National Surety Co.* v. *Redmon* (1917), 173 Ky. 294, 190 S. W. 1081; *Stich* v. *Fidelity & Deposit Co.* (1916), 159 N. Y. Supp. 712; *Kansas City Regal Auto Co.* v. *Old Colony Ins. Co.* (1915), 187 Mo. App. 514, 174 S. W. 153; *Valley Mercantile Co.* v. *St. Paul, etc., Ins. Co.* (1914), 49 Mont. 430, 143 Pac. 559. There could, of course, be no recovery on the policy unless there had been a burglary—unless, as averred in the complaint, the goods "were feloniously taken and carried away from the store." One cannot burglarize his own store. If Harry Lyons, in person, removed the

goods, or if by his authority and direction the goods were removed by another, there was no burglary.

The court did not err in refusing to give the requested instruction. The special answer, upon which the instruction is based, is but an argumentative denial. This answer does not, as assumed by appellants, set up affirmative matter which under an exemption clause of the policy would relieve appellee of liability, if appellants as insured were otherwise within the provisions of the insurance contract. Such a case would be presented if this action were on a life policy, which contained a general engagement to pay beneficiary in the event of death of insured, but, in a subsequent paragraph of the policy, death by suicide was made an exception to the general coverage, and defendant had pleaded that death of insured was the result of suicide. In a case of that kind, the burden of proving the suicide would be upon defendant, when plaintiff had made a *prima facie* case by proving the death of insured. See *Modern Woodmen* v. *Noyes* (1902), 158 Ind. 503, 64 N. E. 21. Or, if this were an action on a fire policy, and defendant had pleaded arson on the part of the insured, the rule would be as contended for by appellants, for, in such a case, the insured could prove the happening of the contingency, namely, the fire, and the burden would be upon the insurer to prove the arson. *Morley* v. *Liverpool, etc., Ins. Co.* (1892), 92 Mich. 590, 52 N. W. 939. In the case at bar, however, if the defense averred in the answer is true, the contingency, that is the burglary, could not have happened, for as we have said, one cannot burglarize his own store.

Affirmed.