## NATIONAL LIFE AND ACCIDENT INSURANCE COMPANY OF TENNESSEE, INCORPORATED, *v.* RITCHIE.

[No. 12,804. Filed June 17, 1927.]

1. INSURANCE.—*Complaint for accidental insurance must aver facts showing loss within terms of policy.*—A complaint on an accident insurance policy for the accidental loss of the sight of an eye must aver that the loss of sight resulted within ninety days after the accident and that notice of the injury had been given within twenty days from the date of the accident where the policy provided for indemnity only under those circumstances. p. 293.

2. INSURANCE.—*Evidence held insufficient to authorize recovery for accidental loss of sight of eye.*—Where an accident insurance policy provided indemnity for loss of sight of eye when the loss of sight resulted "within ninety days from the date of the accident" if the company had written notice of the injury within twenty days after the accident, the insured was not entitled to recover where the evidence failed to show these facts and there was no evidence of waiver of notice by the insurance company. p. 293.

From Marion Superior Court (A 34,061) ; *Sidney S. Miller*, Judge.

Action by John Ritchie against the National Life and Accident Insurance Company of Tennessee, Incorporated.    From a judgment for the plaintiff, the defendant appeals.    *Reversed.*    By the court in banc.

*George Young* and *John F. Linder,* for appellant.
*William E. Reiley,* for appellee.

REMY, J.—On September 27, 1924, appellee, being the holder of an accident policy issued by appellant insurance company, suffered an accidental injury which resulted, some months later, in the total loss of the sight of his right eye.   The policy provided indemnity of $150 for the total loss of the sight of an eye, conditioned that the loss of sight should result "within ninety days from the date of the accident," and that written notice of the injury be given to the company "within twenty days after the accident causing such injury."

This action was commenced December 17, 1925, by appellee against appellant company to recover on the policy for the loss of an eye.   Trial resulted in a verdict and judgment for appellee for $150, from which this appeal is prosecuted; errors assigned being the action of the court in overruling demurrer to the complaint and in overruling motion for new trial.

In the complaint, which sets out the policy as an exhibit, appellee avers that on September 27, 1924, he was accidentally struck in the right eye by the loose end of a baling wire, causing a serious injury to the eye and disabling him from performing any labor for a period of six weeks, that on February 1, 1925, he discovered that he had lost the sight of the eye, and on that day notified the company that he had received the injury, and that he would claim the indemnity.   It is not averred in the complaint that the loss of the sight of

the eye resulted within ninety days from the date of the accidental injury, nor is it averred, directly or indirectly, that appellant had been given, or had received, any notice of the injury except the notice of February 1, 1925; and no facts are averred showing waiver of notice.

It is urged by appellant that no cause of action is stated for the reason that it is not averred that the company had been given notice of the injury within

1. twenty days after the accident causing the injury, and for the further reason that it is not averred that the loss of the sight of the eye resulted within ninety days from the date of the accident. The contention of appellant must prevail. Under the terms of the policy, appellee had no cause of action for the accidental injury of his eye unless the injury resulted in the loss of the sight of the eye within ninety days from the date of the accident; and even then, appellant was entitled to notice within twenty days after the accident, unless such notice was waived. *Hatch* v. *United States Casualty Co.* (1907), 197 Mass. 101, 83 N. E. 398; *Feder* v. *Midland Casualty Co.* (1925), 316 Ill. 552, 147 N. E. 468; *Weaver* v. *Nat. Casualty Co.* (1924), 81 Ind. App. 421, 143 N. E. 608.

However, if the complaint had been drawn so as to state a cause of action, the judgment would, nevertheless, have to be reversed, it not being sustained

2. by sufficient evidence. There is no evidence that appellee lost the sight of his eye within ninety days after the date of the accident; nor is there any evidence that notice of the injury was given to the company by appellee within twenty days after the accident, and there is no evidence of waiver of notice by the company.

Reversed.