PRUDENTIAL INSURANCE COMPANY OF AMERICA *v.* SANDERS.

[No. 13,987. Filed November 7, 1930. Rehearing denied February 17, 1931.]

*Edward E. Meyer, Isadore J. Fine, William L. Mitchell, Isador Kahn* and *Robert C. Enlow,* for appellant.

*Lindsey & Hunt* and *William McClain,* for appellee.

LOCKYEAR, J.—This action was brought by appellee against appellant to recover $500 on a certificate of life

and accident insurance for the loss of the sight of the right eye, which certificate was issued by appellant to appellee pursuant to and in conformity with a policy of group insurance issued to appellee and the Louisville & Nashville Railroad Company for the benefit of its employees, wherein the railroad company and the appellee each paid one-half of the premium for the insurance.

The case was tried on appellee's second paragraph of complaint and appellant's answer in two paragraphs thereto and appellee's first and second paragraphs of reply to the appellant's second paragraph of answer. The jury returned a verdict in favor of appellee in the sum of $500.

Appellant filed a motion for a new trial on the grounds, among other things, that the verdict of the jury is not sustained by sufficient evidence and is contrary to law. The court overruled the motion for a new trial, and the action of the court in that behalf is assigned as error. The evidence in this case shows that one of the terms and conditions of the group policy of insurance under which this appellee was insured provided: "If any employee while in the employ of the employer and insured under this policy shall sustain impairment as a result directly and independently of all other causes of bodily injuries, effected solely through external, violent and accidental means and occurring within 90 days of the accident, the company will pay to such employee the disability benefit hereinafter provided in addition to any other disability benefit under this policy; immediately upon receipt of due proof of such impairment. Sight of one eye----$500."

The only evidence in this case as to when the appellee lost the sight of his right eye is found in the testimony of Abe Sanders, the appellee, and he says, in substance, that, on November 17 or 18, 1925, he was hit in the right eye with a cinder, that the cinder was taken out of the eye, and he bathed it with salt water and went back on

his job; a short time after that, he was laid off, but he did not know how many days; his eye hurt him for about five days, and then it did not hurt him so much; it quit hurting in about two weeks; at the time of the accident, he did not have any doctor and never made a report of the accident to anyone; the first report that he made was in August, 1926, when he was sent to Dr. Ravadin, who found the eyesight gone; after he was hurt in the eye on November 17 or 18, 1925, he continued to work until about August, 1926, when he quit. The appellee was examined under oath before the trial, and his examination is introduced, in evidence, in which he testified that he noticed his eye was failing right along and noticed for several days before he quit work on August 17, 1926, that he was totally blind in the eye and that he thought it was best for him, and the company as well, to resign. The appellee does not testify nor is it contended that he knew when he lost the sight of the eye.

The burden was on the appellee to allege and prove in his complaint a right to recover under the policy sued on. *Kent* v. *White* (1866), 27 Ind. 390; *Continental Life Ins. Co.* v. *Kessler* (1882), 84 Ind. 310; *Weaver* v. *Nat. Casualty Co.* (1924), 81 Ind. App. 421, 143 N. E. 608; *Lyons* v. *United States Fidelity, etc., Co.* (1924), 87 Ind. App. 514, 145 N. E. 440; *Fuller* v. *Supreme Council, etc.* (1917), 64 Ind. App. 49, 115 N. E. 372; *Continental Casualty Co.* v. *Lloyd* (1905), 165 Ind. 52, 73 N. E. 824; *Sharpe* v. *Commercial, etc., Accident Assn.* (1894), 139 Ind. 92, 37 N. E. 353; *Nat. Life, etc., Ins. Co.* v. *Ritchie* (1927), 86 Ind. App. 291, 157 N. E. 103; 22 C. J. 70, citing *Judah* v. *Trustees of Vincennes University* (1864), 23 Ind. 272.

In this case it was incumbent upon the appellee to prove that he lost the sight of the eye solely through ex-

ternal, violent and accidental means, and that he lost the sight thereof within 90 days of the accident. This he wholly failed to do.

Judgment is, therefore, reversed, with instructions to grant appellant's motion for a new trial.