No. 47,092

STATE OF KANSAS, *Appellee,* v .VERNON L. CLINGERMAN, *Appellant.*

(516 P. 2d 1022)

Opinion filed December 8, 1973.

*Thomas H. Bornholdt,* of Cooke, North, Crossette & Dickson, of Prairie Village, argued the cause and was on the brief for the appellant.

*J. J. B. Wigglesworth,* assistant district attorney, argued the cause, and *Margaret Jordan,* district attorney, was with him on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: Vernon L. Clingerman was charged and convicted of first degree robbery (K. S. A. 21-527). This is a direct appeal from the judgment and sentence. No question is raised on appeal as to the sufficiency of the evidence. Only a brief summary of facts will be necessary to discuss the points raised.

The victim of the robbery was William Berg, a truck driver who testified at the trial. The crime was committed on August 9, 1969. That date is important as it fixes the charge under K. S. A. 21-527, rather than the new Kansas Criminal Code effective July 1, 1970. Berg testified he was driving to the bus station in Kansas City when he picked up an acquaintance named Eddy Lane. After

riding around for a while they saw the appellant, Clingerman, and a girl by the name of Susan who were friends of Lane. Clingerman and Susan got into the car with Berg and Lane and they drove to Berg's motel room. At the suggestion of Lane, Berg and the girl got undressed and into bed. Shortly thereafter according to some undisclosed plan Berg was forcibly taken from the motel room by his "friends", who made use of his car and his gun. They drove Berg to Johnson County, took his money and billfold, forced him out of his car and shot him. Berg recovered and testified that Clingerman not only held the gun at the base of his skull during the drive but also robbed and shot him after they arrived at a lonely spot in Johnson County.

During the trial the state introduced evidence of a prior crime which Clingerman was alleged to have committed in Missouri. This is the basis for the first point of error to be considered on appeal. Before introducing an authenticated copy of this prior conviction the state called as a witness an assistant prosecutor from Missouri who had handled the case. Clingerman pled guilty in Missouri to assaulting a woman with intent to rob. It appears from the evidence that Clingerman followed the woman to her home and when the door was unlocked he demanded money from her under the threat of a knife. The woman's husband was at home. The husband disarmed Clingerman and held him for the Missouri police.

Clingerman first objects to the admission in evidence of the authenticated copy of the prior conviction because that conviction was under the name of *Jesse L.* Clingerman. He insists the extraneous evidence introduced was insufficient to identify him as the person convicted in Missouri. We do not agree.

Where the question of the identity of a defendant on trial is raised with respect to prior convictions of similar offenses the state may offer evidence to show the defendant is the same person who was previously convicted. (See *State v. Cippola*, 202 Kan. 624, 629, 630, 451 P. 2d 199, cert. den. 396 U. S. 967, 24 L. Ed. 2d 432, 90 S. Ct. 446.) This was done in the present case.

Before this prior conviction was introduced the assistant prosecutor from Missouri testified that he was present when the plea was entered and he was reasonably certain that the defendant was the same person who pled guilty in Missouri. He further testified that his files indicated that the defendant in the Missouri case was

known by various other names including that of Vernon L. Clingerman. This was sufficient competent evidence to sustain the state's burden of proof as to identity.

Defendant next objects to this evidence on the ground that it was not relevant. To be admissible under K. S. A. 60-455 evidence of a prior conviction must be relevant to prove one or more of the material factors of proof specified in the statute. There are eight of them listed, *i. e.*, (1) motive, (2) opportunity, (3) intent, (4) preparation, (5) plan, (6) knowledge, (7) identity and (8) absence of mistake or accident.

In *State v. Jenkins*, 203 Kan. 354, 454 P. 2d 496, it is held:

"The purpose for which evidence of previous offenses may be considered are defined by K. S. A. 60-455 and a trial court should limit its instructions thereon to the purposes set out in the statute or analogous purposes." (Syl.¶ 3.)

Evidence of prior crimes cannot be used under K. S. A. 60-455 to establish "inclination", "attitude", or "tendencies". The statute does not include these within the eight possible factors of proof. K. S. A. 60-455 expressly excludes evidence of prior crime if its only purpose is to show a disposition to commit crime, *i. e.*, inclination, attitude, or tendency.

In *State v. O'Neal*, 204 Kan. 226, 461 P. 2d 801, it is pointed out:

"The determination of relevancy is a matter left to the judicial discretion of the trial judge. However, exercise of that discretion must not be abused. It must be based upon some knowledge of the facts, circumstances or nature of the prior offense." (p. 231)

In the present case it does not appear that the facts of the prior crime were pertinent to prove motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident with respect to the present charge. When the authenticated copy of the prior conviction was offered the state said:

"[O]ffering the exhibit, your Honor, for *all the purposes* that are specifically set out in K. S. A. 60-455. In other words, to show motive, intent, lack of mistake, opportunity, all of those things that are set out in the statute." (Emphasis added.)

The court apparently admitted the same under the theory it tended to prove all eight factors. Rarely are all eight of these factors issues in a single case. The necessary limiting instruction given by the court followed the wording of the statute and advised the jury to consider the evidence of the prior crime as relevant to prove all eight statutory factors as bearing on defendant's guilt. We can find

no similarities in the facts of the Missouri case which would appear to be relevant to prove any of the eight statutory factors of proof in our present case. On the basis of the record before us we must conclude that the prior conviction only tended to prove disposition to commit crime and it should not have been admitted in evidence in the present case. Its relevancy is questionable, its probative worth as to any of the eight statutory factors of proof is highly suspect, its prejudicial impact seems out of proportion to its probative value and confusion from proof of the prior crime may reasonably have resulted in prejudice to the defendant. (See *State v. Motley*, 199 Kan. 335, 430 P. 2d 264.)

When the trial court admitted evidence of this prior crime to prove all eight of the statutory factors of proof without considering how and in what way they might be relevant to prove the crime charged it abused its judicial discretion. The case must therefore be reversed and remanded for a new trial.

In addition the appellant, Clingerman, calls this court's attention to another prejudicial trial error which must result in a reversal. The trial court failed to instruct the jury on felonious intent, one of the necessary elements of robbery as set forth in K. S. A. 21-527.

The crime of robbery as defined in the statute is as follows:

"Every person who shall be convicted of feloniously taking the property of another from his person or in his presence, and against his will, by violence to his person or by putting him in fear of some immediate injury to his person, shall be adjudged guilty of robbery in the first degree." (21-527, *supra*.)

The instruction as to the elements of the crime given by the court reads:

"Instruction No. 4.

"Under Count 2 of the Information the Defendant is charged with the crime of robbery in the first degree. The Defendant pleads not guilty. To establish this charge, each of the following must be proved:

"1. That the defendant did take the property of another, to wit: William Berg, from his presence and against his will.

"2. That the defendant did so by placing the said William Berg in fear of immediate injury to his person.

"3. That this act occurred on or about the 10th day of August, 1969, in Johnson County, Kansas."

It is stipulated on appeal that no other instruction relative to intent was submitted to the jury with regard to the crime of robbery. The state refers us to the instruction given on the presumption of intent, a rule of evidence, which is as follows:

"INSTRUCTION No. 11

"There is a presumption that a person intends all the natural and probable consequences of his voluntary acts. This presumption is overcome if you are persuaded by the evidence that the contrary is true."

This presumption is merely a rule of evidence and the instruction does not purport to require the jury to find felonious intent, a necessary element of the crime of robbery, as defined in K. S. A. 21-527.

The word "felonious" is defined in Black's Law Dictionary (Revised Fourth Edition) as "A technical word of law which means done with intent to commit crime; of the grade or quality of a felony;". (See also *State v. Douglas*, 53 Kan. 669, 670, 37 Pac. 172.) The word "feloniously" appearing in the statute (K. S. A. 21-527) in a legal sense refers to the doing of the act with a deliberate intent to commit a crime which crime is of the grade or quality of a felony.

In *Guffey v. Casualty Co.*, 109 Kan. 61, 197 Pac. 1098, the court examined an identical robbery statute and said:

"Robbery is larceny committed by violence to the person of one put in fear. (*The State v. Segermond*, 40 Kan. 107, 19 Pac. 370.) The statute provides:

" 'Every person who shall be convicted of feloniously taking the property of another from his person or in his presence, and against his will, by violence to his person or by putting him in fear of some immediate injury to his person, shall be adjudged guilty of robbery in the first degree.' (Gen. Stat. 1915, § 3443.)

"Three ingredients are essential: The use of force and violence, the taking from a person of another money or other personal property, and an intent to rob or steal. (*Matthews v. The State*, 4 Ohio St. 539; 7 Words and Phrases, 6258.) It has been held that robbery embraces the same elements as simple larceny. (*Houston v. Commonwealth*, 87 Va. 257.) Our statute defines larceny as the felonious stealing, taking or carrying away of personal property. (Laws of 1920, ch. 38; Gen. Stat. 1915, § 3450.) 'Felonious' means that felonious intent which has been defined as an intent to deprive the owner not only temporarily but permanently of his property, without color of right or excuse for the act, and to convert it to the taker's use without the consent of the owner. (*In re Mutchler, Petitioner*, 55 Kan. 164, 40 Pac. 283; *The State v. Shepherd*, 63 Kan. 545, 66 Pac. 236; 52 L. R. A., n. s., 1014, note.)

" 'In robbery, as in larceny, it is essential that the taking of the goods be *animo furandi*, and unless the taking be with a felonious intent it is not robbery.' (23 R. C. L. 1149.)" (p. 64.)

The state seeks to uphold the instructions of the court on robbery by urging that the instruction on the crime of kidnapping (a count on which defendant was acquitted) contained as one of the nec-

essary elements "that the conduct of the Defendant was willful." The state indicates that this should cure any deficiency as to intent in the first degree robbery instruction. The elements of intent required for various statutory crimes vary according to the particular crime. Where intent is a required element of the crime it must be included in the charge and in the instructions of the court covering the separate elements of that particular crime. (*State v. Carr*, 151 Kan. 36, Syl. ¶ 5, 98 P. 2d 393.)

Felonious intent is made an essential element of the crime of robbery as defined in K. S. A. 21-527. It is the duty of the trial court to instruct the jury on all elements necessary to complete a crime. It was prejudicial error in this case for the court to omit the element of felonious intent from the instructions.

Before passing to the next point we note the Kansas Criminal Code, effective July 1, 1970, has made certain changes in this area. The word "feloniously" is no longer used in defining the crime of robbery. We note that K. S. A. 1972 Supp. 21-3201 provides, with limited exceptions, "a criminal intent is an essential element of every crime defined by this code." The effect of these changes should not be overlooked. They must be left for future decision, however.

Three additional points are raised by the appellant. Because of the decisions we have reached with respect to the two previous points it is not necessary to examine them in detail. Suffice it to say we have examined the remaining three points raised in the light of the record here presented and find that they have no merit.

The judgment is reversed and the case is remanded with directions to grant the defendant a new trial.

FATZER, C. J.: dissenting. I must respectfully dissent. The court's opinion acknowledges that intent is one of the essential ingredients of the crime of first degree robbery. K. S. A. 60-455 expressly recognizes that intent is one of the material factors of proof specified, which makes conviction of a prior similar offense relevant to the proof of the guilt of the defendant for the crime with which he is charged. The statute (60-455) makes the evidence material and relevant to the issues on trial—and it is not rendered inadmissible because it may show the defendant is guilty of another crime, or has been previously convicted. In my opinion, the defendant's prior conviction in Missouri of assault with intent to rob is relevant to

the charge on trial by virtue of the statute, and the district court did not err in admitting such evidence. While the evidence was offered *for all the purposes* of 60-455, intent to commit the offense charged is one of those purposes specified, and as indicated, is made relevant to proof of the offense charged. I would affirm the conviction on this point, although I am in accord with the court's view that the district court failed to instruct on all the elements of the crime.

SCHROEDER, J., concurring: With one exception, I agree with the court's opinion. I cannot agree that there are no similarities in the facts of the Missouri case (assault with intent to rob) which appear to be relevant to prove any of the eight statutory factors of proof concerning robbery in the first degree with which the appellant is here charged. The evidence is relevant to prove intent and some of the other statutory factors enumerated (*State v. Wright*, 194 Kan. 271, 398 P. 2d 339).

If the court is going to depart from its prior construction and application of K. S. A. 60-455, it should overrule the prior decisions inconsistent with the stance now taken. The tenor of the court's opinion is inconsistent with *State v. Taylor*, 198 Kan. 290, 292, 424 P. 2d 612; *State v. Wright*, supra, and other decisions which rely upon them. If the instruction given in *State v. Wright*, supra, in the statutory language is too broad, decisions approving such instruction under 60-455, *supra*, should be disapproved. Trial judges should be able to ascertain what the law is by reading the court's decisions.