GULF FINANCE AND SECURITIES CO. v.
NATIONAL FIRE INSURANCE CO.

(July 14, 1927.    Opinion and Decree.)
(August 1, 1927.    Rehearing Refused.)
(October 6, 1927.    Writ of Certiorari and
Review Denied by Supreme Court.)

*(Syllabus by the Court)*

1. Louisiana Digest—Insurance—Par. 33;
   Master and Servant—Par. 1.
When an assured requests a friend to drive
his car to a garage and leave it there,
and neither the car nor the friend are
seen or heard of afterwards, the insur-
ance company against theft will be held
liable.

2. Louisiana Digest—Master and Servant
   —Par. 1.
In such a case the friend will not be con-
sidered in the service or employment
of the assured within the terms of the
policy.

Appeal from Civil District Court.    Div.
"C".    Hon. E. K. Skinner, Judge.

Action by Gulf Finance and Securities
Co. against National Fire Insurance Co. of
Hartford, Connecticut.

There was judgment for defendant and
plaintiff appealed.

Judgment reversed.

Spencer, Gidiere, Phelps and Dunbar, of
New Orleans, attorneys for plaintiff, appel-
lant.

J. Zach Spearing, of New Orleans, attor-
ney for defendant, appellee.

OPINION

CLAIBORNE, J.    This is a suit for an
amount of an insurance on a policy against
theft.

The plaintiff alleged that on September
19th, 1922, the defendant issued to it an
open policy against theft on various auto-
mobiles; that under certificate No. 7388,
under said open policy, the defendant in-
sured a Ford Motor Touring Car against
"Theft" for a period of one year from May
18th, 1923, in favor of F. N. Lindley, mort-
gagor and owner, and the plaintiff herein,
the Gulf Finance Securities Co., mortgagee,
for the sum of $430; "that on or about
August 23rd, 1923, at 3:30 p. m., the car
in question was stolen from the corner of
St. Charles avenue and Julia street in the
following manner: F. N. Lindley, the own-
er, becoming ill while downtown, directed
a friend of his by the name of Wilson to
take him to the Alberta Hotel in the car
in question; that upon reaching the hotel,
Lindley directed Wilson to drive the car
to a garage and there leave it. Since that
time neither the car nor Wilson has been
seen, nor can either be located"; that plain-
tiff's interest in the policy, by virtue of the
mortgage, is $430; which it claims from the
defendant.

The defendant excepted that the petition
disclosed no cause of action and that it was
vague and indefinite.

The court maintained the exception and
"plaintiff's demand was rejected at his
cost".

The plaintiff has appealed.

The grounds of exception, as set forth in
argument and brief, are: 1st, that plaintiff's
allegations disclose nothing more than a
"disappearance" of the car or an "abandon-
ment", and do not show a "theft"; and 2nd,
that the rider of the policy excludes lia-
bility by any person in the household or in
the insured's service or employment.

1st:    The distinction which the defend-
ant attempts to establish between "theft
and embezzlement" might succeed in a

criminal prosecution, but in an ordinary suit or an insurance against "theft," it is too subtle to succeed. There is nothing in the policy nor in the books to sustain the contention. The policy does not exclude liability for "embezzlement eo nominee". The policy must be interpreted in favor of the assured and against the insurer.

C. C. 1946 (1941): "The words of a contract are to be understood like those of a law, in the common and usual signification, without attending so much to grammatical rules, as to general and popular use."

We entertain no doubt that after Wilson had failed to drive the car to the garage and to leave it there, or to return it to its owner, that Lindley and other laymen considered that Wilson had stolen the car. See 189 N. W. 794-176 S. W. 210; 204 N. Y. Supp. 465; 115 Atl. 596; 239 N. Y. 303; 146 N. E. 432; 10 Orl. App. 284.

2nd: Nor do we consider that Wilson was a person "in the household or in the insured's service or employment". Wilson was only a "friend" of Lindley ostensibly performing an act of kindness. The words "service" or "employment" in the policy apply to one working for a remuneration or compensation and not to one acting gratuitously as Wilson did in this case.

An interpretation of the policy favorable to the insured must be adopted. Mutual Life Insurance Co. vs. New, 125 La. 41; 51 So. 61; 136 U. S. 287.

The judgment is therefore reversed and the case is remanded to be tried in accordance with the views herein expressed. Defendant to pay costs of appeal and the costs of the District Court to await the final judgment.