No. 3291

Second Circuit

---

DANIEL ET ÁLS.
v.
TRANSCONTINENTAL INS. CO., INC.

---

(June 28, 1928. Opinion and Decree.)

---

*(Syllabus by the Editor)*

1. **Louisiana Digest—Insurance—Par. 175, 181.**

In order to recover insurance for the theft of an automobile proof that the car was unlawfully taken and carried away by a person or persons unknown and that the owner never had notice of where it might be found makes out a prima facie case under the law. The fact that the car was afterwards found in the same city will not overthrow the presumption of a felonious taking.

Appeal from the Ninth Judicial District Court, Parish of Rapides. Hon. R. C. Culpepper, Judge.

Action by Sam D. Daniel et als. against Transcontinental Insurance Company, Inc.

There was judgment for plaintiffs and defendant appealed.

Judgment affirmed.

K. Hundley, of Alexandria, attorney for plaintiffs, appellees.

John L. Pitts, Jr.; Hawthorn and Stafford, of Alexandria, attorneys for defendant, appellant.

ODOM, J. The plaintiff, Sam D. Daniel, owned a Ford automobile on which he held an insurance policy issued by the defendant company, insuring him against loss of the car by theft, robbery or pilferage, except by a person or persons in the assured's household or in his service or employment.

On the afternoon of September 12, 1926, Daniel parked his car on Fisk street in the City of Alexandria and went to a picture show. On returning later in the day to the place where he left the car, it was gone. He, with another party, made a search for the car but could not find it. He notified the members of the police force at once, who also made a search for the car, but to no avail. Some six weeks later the car, or what was left of it, was located on a lot in the City of Alexandria used by the Etheridge-Atkins Motor Company to store old, re-claimed or trade-in cars. When found, one wheel, the rim of another, the battery, the coil, the hood, cushions, tires and windshield had been removed, there being nothing left but the "shell" which, according to the testimony, was not worth more than $25.00.

The testimony shows that some time after the car had been taken by an unknown person from where it was left by Daniel, the owner, on Fisk street, the employees of the Etheridge-Atkins Motor Company discovered it parked on Third street, about a block from where Daniel had left it.

The testimony does not show the exact date on which it was found, but it is clear that it must have been anywhere from two to nine days after it was taken from Fisk street where Daniel left it.

The employees of said auto company, finding the car abandoned near its place of business, thought it was one of their re-claimed or trade-in cars or a "revert," and had it removed from Third street to their lot, where it remained, as before stated, for some six weeks before being discovered by the police department as Daniel's car.

The car was stripped of its parts while in possession of said auto company, but by whom is not shown. The employees of the auto company state that they took nothing off the car, which leaves the inference at least that the parts were stolen.

It is not disputed that the car was removed from the street by the Etheridge-Atkins Motor Company in good faith.

It is shown that when the car was taken possession of by the motor company on Third street, it was in fair condition— none of the parts missing; but the indications are that it would not run by its own power.

The plaintiff, Daniel, and the Securities Sales Company of Louisiana, Inc., an automobile finance company, which owned the vendor's notes on the car, prosecute this suit to recover under the policy, on the ground that the car was stolen from Daniel, the owner.

The defense is that there was no theft of the car.

There was judgment below for plaintiff and defendant appealed.

## OPINION

The plaintiffs established beyond question that the car was taken and carried

away without the consent of the owner or that of any one who had authority to speak for him, without his knowledge and by a person whose identity was then and is yet unknown.

By establishing these facts they made out a prima facie case.

But counsel for defendant say that plaintiffs failed to prove that the person who took the car did so with the felonious intent to deprive the owner permanently of his property and therefore no case of larceny is made out by plaintiffs.

Larceny is the felonious taking and carrying away of the personal property of another with the felonious intent to deprive the owner permanently thereof, and under the settled jurisprudence there can be no recovery under a policy insuring the owner against the loss of an automobile by theft, robbery or pilferage, where there was no intent to steal the car by the one who took it.

Encyclopedia of Automobile Law, by Blashfield, vol. 3, page 2575, sec. 80; See cases cited in notes in 14 A. L. R. 215, 46 A. L. R. 536, et seq.; Phoenix Insurance Co. vs. Jennie Epstein, 78 S. E. (Ga.) 265; Valley Merc. Co. vs. St. Paul F. & M. Ins. Co., 143 Pac. 559, L. R. A. 1915B, 327.

Whether the person who took plaintiff's car and carried it away did so with the felonious intent of depriving the owner permanently thereof can be inferred only from all the circumstances connected with the case.

Intent in cases of larceny can seldom be proved by direct testimony. The intent must be inferred from the act, and the presumption is that one intends to do that which he does. If plaintiff's car had never been found, a case of larceny would have been made out beyond a reasonable doubt, because it is shown that it was taken and carried away by an unknown person, without the owner's knowledge or consent. Under such circumstances, the inference that it was taken with felonious intent, would follow necessarily.

But the car was found in the City of Alexandria, the city from which it was taken, and counsel for defendant contend that the circumstance that the car was found in the city is sufficient to destroy the inference that it was taken with an original felonious intent. In other words, they say we must assume that the taker intended to use it for a joy ride.

We are unable to agree with that view. It must be borne in mind that the car was not returned to the place in the city from which it was taken. It was left by the owner on Fisk Street and taken from there. It was found abandoned on Third street, a block from the place from which it was taken, and as to who took the car and as to why it was abandoned was not shown and cannot be proved. The facts are that it was left on the street and abandoned to mere chance by the taker.

There was an unlawful taking of the car and a complete asportation thereof.

We are asked by counsel to assume that the taker intended to use it only for a joy ride. If we are to indulge in assumptions we might go further and assume that the car was abandoned because the taker was scared away, or because it would not run. There is evidence in the record which tends to show that when the car was taken possession of by the Etheridge-Atkins Auto Company it would not run by its own power; it was shoved in by the colored employees of the Auto Company.

There is also testimony showing that the car was "dragged" a few feet from where it was left and that the steering wheel was locked by Daniel when he left it. It is therefore very probable that the thief or thieves found trouble in operating the car and abandoned it for that reason. There is no proof that the car was ever carried beyond the spot where it was found on Third street, although there is testimony that immediately following the discovery by Daniel that his car was missing he made a search for it and failed to find it, and that the members of the police department also searched for it without results; from all of which we are asked to draw the inference that the car was taken and used for a joy ride and brought back.

If the car had been taken from Fisk street, kept for a while and brought back and left at the place from which it was taken, we might reasonably assume that the taker did not intend to deprive the owner permanently of his property. But such are not the facts.

Counsel for defendant would have us hold that in order for plaintiffs to recover under this policy the burden was upon them to make out such a case as would have warranted a conviction of the taker if he had been prosecuted criminally for the larceny of the car.

Such a holding in a case like this would be going too far. This is a civil action, not a criminal prosecution. In criminal prosecutions, the onus is on the State to make out its case beyond a reasonable doubt. The rule is different in civil cases. In the latter the plaintiff is required to make out his case by a fair preponderance of the testimony only.

The rule, as stated in Blashfield's En-cyclopedia of Automobile Law, vol. 3, page 2611, sec. 119, is as follows:

"Where the insured, in an action on a policy insuring against theft, has the burden of proving every element of the larceny, he is required to prove his case only by a fair preponderance of the evidence, and not beyond a reasonable doubt; the rule being the same as in civil cases generally. Such requirement is satisfied by proof that the insured car was taken from the possession of the insured without his knowledge and consent and that it cannot be located. He is not required to show what became of the car. A case of theft and the necessary intent to steal need not be proven directly, but may be evidenced by circumstances from which the jury can infer such intent."

In the case of Weir vs. Central Nat. Fire Ins. Co., 194 Iowa 446, 189 N. W. 794, the court said:

"The plaintiff was charged with no burden to prove that the car was stolen by Melesha or by any other particular individual. In order for him to recover, it would have been enough for him to show by a preponderance of evidence that the car was deposited or left in the shop by him or by his agent, and that the next morning it was gone or had disappeared without the knowledge or authority or agency of any one authorized to permit it. Such circumstances would have given rise to a presumption of theft by some one, *and in the absence of evidence otherwise explanatory* of the disappearance of the car, it would entitle the owner to recover on his insurance policy against theft."

The court further said that of course the defendant insurance company had a right to show that the loss of the car was due to some other cause than theft. "But the truth of such defense is not to be taken for granted."

The plaintiffs in the case at bar proved that the car was unlawfully taken and carried away by a person or persons unknown, and that Daniel never had a notice

of where it might be found. By establishing this proof, plaintiffs made out a prima facie case under the law. From the fact that the car was later found in the City of Alexandria, we are asked to take it for granted that it was not taken with a felonious intent. But this fact is not sufficient to overthrow the presumption of a felonious taking which follows under the circumstances here shown.

Judgment affirmed with costs.