No. 4089

Second Circuit

———

BORDELON v. GUARANTY FIRE INS.
CO. OF RHODE ISLAND

———

(July 14, 1931.  Opinion and Decree.)

———

Hakenyos, Provosty & Staples, of Alexandria, attorneys for plaintiff, appellant.

Hawthorn, Stafford & Pitts, of Alexandria, attorneys for defendant, appellee.

WEBB, J.  This suit is brought on an insurance policy insuring an automobile against theft, excepting "by any person or persons * * * in the assured's service or employment, whether the theft occurs during the hours of such service or employment or not," and the defense, which was maintained, was that an employee of the insured had stolen the automobile.

It is conceded that plaintiff, who was the general sales agent for a manufacturing company located at Cincinnati, Ohio, employed a salesman at Alexandria, La., on or about April 1, 1929, to sell the products of the company in the southeast part of Louisiana; that the automobile was delivered to the salesman to be used by him; and that the automobile was last seen at Hammond, La., on April 8, 1929, when the salesman borrowed $50 on his promise to pledge the automobile to secure the loan, but, under some pretense requiring the use of the automobile, he drove away in the automobile and failed to return.

Plaintiff said, however, that he had a telephone conversation with the salesman who was at Covington, La., in the afternoon of April 9th, in which conversation he discharged the salesman and directed him to leave the automobile on one of the streets of Covington in front of a certain hotel, and that on April 10th he (plaintiff) received a telegram from the factory at Cincinnati, advising him that the salesman was there, complaining of

having been discharged. Evidence was also adduced showing that plaintiff had sent a friend to Covington to take possession of the automobile, who was unable to locate same.

Counsel representing the parties agree that, if the salesman was at Covington, La., on the afternoon of April 9th, it was impossible for him to have been in Cincinnati on April 10th, traveling either in an automobile or by train; and the evidence showing plaintiff advised the insurer soon after the disappearance of the automobile that the date of the telephone conversation referred to above was April 5th, and plaintiff's testimony reflecting that he was not certain that the date of the conversation was April 9th, indicates the conversation occurred prior to April 8th, and, considering the circumstances shown to have occurred on that date, we are of the opinion that the weight of the evidence shows that the salesman took the automobile.

Appellant urges, however, that, even though the salesman did take the automobile, he was not in the employment of the insured at that time, having been previously discharged; and that the provision relieving the insurer of liability when the theft was by an employee is not applicable.

While the exception should be construed favorably to the insured, yet, the evidence showing that the automobile was delivered to the salesman to be used in his employment, and that it was not delivered to the insured after the salesman was discharged, we are of the opinion that, under a reasonable construction of the exception, the theft was within the exception, and that the insurer was not liable.

The judgment appealed from is therefore affirmed, at plaintiff's cost.