No. 3867

Second Circuit

(First Division)

DAIRY FERTILIZER CO. v. AMERICAN INS. CO.

(December 9, 1931. Opinion and Decree.)
(January 14, 1932. Rehearing Refused.)

Edward Barnett, of Shreveport, attorney for plaintiff, appellee.

Jackson & Smith, of Shreveport, attorneys for defendant, appellant.

TALIAFERRO, J. Plaintiff obtained from defendant a policy of insurance on its Chevrolet truck, under which defendant company agreed to indemnify plaintiff against loss resulting from "theft, robbery or pilferage." On August 30, 1929, the truck was left by some one on the driveway at the residence of Mr. C. V. Ratcliff, who is president of plaintiff company, in the city of Shreveport. Mr. Ratcliff instructed his yardman and chauffeur, a negro, to drive the truck to the garage of plaintiff, but, instead of doing this, the negro drove it to Bradley, Ark., about one hundred miles distant, where it was recovered.

Plaintiff contends that, under these facts and circumstances, the truck was stolen, and that the negro's acts amounted to theft, within the meaning and under the terms of the policy of insurance, and instituted this suit to recover the amount of damages alleged to have been inflicted upon the truck while under the control and in the possession of the alleged thief, and for expenses incurred in having the truck returned to Shreveport.

We quote the provisions of the policy bearing directly upon the issues presented by the pleadings and briefs of both sides, viz.:

"G Theft, Robbery and Pilferage (Restricted Form):

"Theft, Robbery and Pilferage, excepting by any person or persons in the Assured's household, or in the Assured's service or employment, whether the theft, robbery or pilferage occurs during the hours of such service or employment or not; and excepting loss suffered by the Assured from voluntary parting with title and/or possession, whether or not induced so to do by any fraudulent scheme, trick, device or false pretense or otherwise; and excepting in any case, other than the theft of the entire automobile described herein,

the theft, robbery or pilferage of tools, repair equipment, motor meters, extra tires and/or tubes and/or rims and/or wheels and/or extra or ornamental fittings.

"This policy does not insure against the wrongful conversion, embezzlement or secretion by a mortgagor, vendee, lessee or other person in lawful possession of the insured property under a mortgage, conditional sale, lease or other contract or agreement, whether written or verbal."

Defendant denies liability to any extent for the damages claimed by plaintiff and asserts: (1) That the taking of plaintiff's truck by the negro man and driving it to the state of Arkansas was not theft under the policy of insurance; and (2) that as the negro man was authorized by plaintiff's own president to take possession of the truck, even though he disobeyed instructions, in doing so he was in the service of plaintiff; and (3) that the act of Mr. Ratcliff in delivering the truck to the negro amounted to "a voluntary parting with the possession" of the truck, and in either contingency there is no liability on part of defendant.

It will be observed from a reading of the quoted provisions of the policy that it is restrictive, not general. If an employee or other person in the service of the assured steals the insured property, there is no liability on the part of the insurer. In the instant case, it is obvious that the act of Mr. Ratcliff in directing the negro to drive the truck to the owner's garage for safekeeping was for the benefit of his company and done in his official capacity, and technically, at least, the negro was in the service of the plaintiff. A service was being done for plaintiff by both its president and the negro. Under these circumstances, it seems to us quite clear that within the purview of the terms of the policy of insurance this negro was "in the

assured's service," and, regardless of whether or not there was theft of the truck, within the meaning of that term, as employed in the policy, no liability attaches to defendant.

Plaintiff relies upon the case of Miller v. Newark Fire Ins. Co., reported in 12 La. App. 315, 125 So. 150, as sustaining its position. We have no criticism to offer to the court's holding in that case, but, on the contrary, agree with that decision for the very sound reasons therein assigned, but the facts of that case are entirely different from those of the case before us. The facts of the present case are exceptional. The alleged thief was in the employment of plaintiff's president, who had the right to engage persons to operate and drive and look after his company's vehicles, and his acts in so doing were the acts of his company, and the persons so engaged, even though temporarily, were in the service of plaintiff company.

The reason for the stipulation in the policy, that no liability shall attach in event the insured property is stolen by one in the household, service, or employment of the insured, is obvious. Persons sustaining such relationship to the insured have liberal authority to take possession of and operate motor vehicles of the insured, and therefore the opportunity for theft of such vehicles is almost unlimited. It is against this condition and this possibility that the insurer has sought to protect itself, and has agreed only to indemnify the owner for the theft of the insured property, or for its damage while in the possession of the thief, when the theft has been committed by one not in the household, service, or employment of the insured.

In the case at bar, the president of the

insured, acting for it, assumed responsibility for delivering into the physical possession of the insured, through his own employee, its own property, and made it possible that the property be stolen by his own selection.

For the reasons herein assigned, the judgment of the lower court is reversed, annulled, and set aside, and plaintiff's suit dismissed at its cost.