## BODDIE v. HOME INS. CO.
### No. 5141.

Court of Appeal of Louisiana. Second Circuit.

March 2, 1936.

Ben E. Coleman and J. Fair Hardin, both of Shreveport, for appellant.

J. Rush Wimberly, of Arcadia, for appellee.

TALIAFERRO, Judge.

Defendant issued to plaintiff a policy of insurance wherein, as owner of a Dodge truck, used in transporting school children to and from the Bryceland High School in Bienville parish, he was insured against loss thereof and damage thereto occasioned by theft, robbery, or pilferage. He brings this suit to recover damages to the truck while in the possession of one who is alleged to have stolen it while parked near said high school building; also for an amount expended to transport the children to and from school for the time the truck was being repaired; and for attorney's fees incurred in prosecution of this suit.

Defendant denies that the truck was stolen from plaintiff within the coverage and meaning of the policy, and therefore was not damaged while in the possession of a thief. An alternative defense is set up, but, as we are convinced the truck was not stolen, as contended by plaintiff, it is unnecessary to give the substance of that defense here.

Defendant appealed from an adverse judgment.

The facts of the case are virtually undisputed. Deductions and conclusions logically and reasonably flowing from such facts are questions about which there is dispute.

Plaintiff's son operated the truck for his father in hauling the children to and from the school near Bryceland. This was done regularly for five days each week. On Saturday, the day the truck is alleged to have been stolen, the son, at the request of the school principal and out of a desire to accommodate some of the pupils, carried a truck load of them to the school to attend a tournament. The truck was parked across the road from the school building, which is about one and one-half miles from the village of Bryceland. Young Boddie then went into the building. In the afternoon, George Whitley, a cousin and close neighbor of plaintiff's son, accompanied by two young ladies and another person, drove the truck to Bryceland for some refreshments, and, having done this, he drove it back again to the school. Before he alighted, two boy friends came up and requested him to drive them to Bryceland, to which he assented, and, after covering about one-fourth of the distance to the village, the truck left the road and capsized, causing material damage thereto. Plaintiff's son soon learned of the accident and went to the scene. He found Whitley there suffering from wounds on his head, and was requested by him to take the truck to a named garage for repairs. This was not done. Neither plaintiff nor his son had actual knowledge that Whitley had used the truck the day it was injured. Whitley testified, and there is nothing in the record to traverse what he says, that it was his intention to bring the truck back to the school building after completing this trip, as he had done before. Every inference arising from all the evidence in the case and all the circumstances thereof support what he says on this point. No serious effort was made to have Whitley arrested for the theft or unauthorized use of the truck.

Plaintiff takes the position that, because the truck was driven by Whitley on these two trips, without his or his son's knowledge or consent, his acts amount to theft within the terms of the policy. We are sure this position is not well founded. To constitute theft or larceny of personal property, in addition to the taking and carrying away without the owner's consent, there must be a felonious intent on the part of the taker to convert the property to his own use. There must be an intent to permanently deprive the owner of his property. This essential element of such offense is wholly lacking in the present case. The truck was taken possession of by Whitley in broad daytime. He drove it up the highway, accompanied by friends, and brought it back to the place from whence he had taken it. In repeating such action, the damage occurred. He evidently assumed that, because of kinship and close friendship to the Boddies, no objection to his use of the truck would be made by them. He had previously driven it for them.

The lawmaker has readily recognized that every unauthorized taking and using of a motor vehicle, without the consent of its owner, does not amount to theft, by the adoption of Act No. 168 of 1914 and Act No. 91 of 1920. It is therein made a criminal offense for any person to take an auto-

mobile from a garage, the street, or any other place where such automobile is standing or kept and use same without the owner's consent.

Anent the indispensable element of criminal intent to constitute the crime of theft, Ruling Case Law, vol. 5, p. 3858, § 621, has this to say:

"Necessity of Intent to Steal—To warrant a recovery on a policy insuring an automobile against theft, robbery or pilferage, there must be more than a wrongful taking; the taking must be with the intent to steal. Ann.Cas.1917D, 55, note; 14 A.L.R. 215, note.

"Where a policy of insurance indemnifies the owner of an automobile against loss or damage occasioned by theft, robbery or pilferage, the owner cannot, under this clause of the policy, recover for damages to a machine which had been taken by another and used without the consent of the owner, but without any intent to steal. Phoenix Assur. Co. v. Eppstein, 73 Fla. 991, 75 So. 537, L.R.A.1917F, 540, and note.

"Evidence of Intent or Want Thereof—Want of intent to steal is inferred from the return of the automobile and the existence of the intent is inferred from failure to return. 14 A.L.R. 218, note."

And 46 A.L.R. p. 536, is to the same effect. Decisions of courts of many jurisdictions are there cited in support of what is said on the subject.

Plaintiff relies upon Gulf Finance & Securities Company v. National Fire Insurance Company, 7 La.App. 8, and Miller v. Newark Fire Insurance Company of New Jersey, 12 La.App. 315, 125 So. 150.

These cases do not support plaintiff's position. The facts of each are wholly different from those of the instant case. In the first of these cases, Lindly, the owner, became ill while down town in the city of New Orleans, and directed a supposed friend to drive him in his car to a hotel. This having been done, the friend was instructed to leave the car in a garage. He did not do so. Neither the friend nor the car was ever heard of thereafter. Recovery was properly allowed under the theft provisions of the policy.

In the second case, a negro employee of a garage removed plaintiff's car therefrom and, after driving it a few blocks, wrecked it by colliding violently with a post. It was contended by defendant that the negro never intended to steal the car. The court found to the contrary, and recovery was allowed.

The judgment in this case is not supported by the facts disclosed by the record, and, for this reason and others herein assigned, said judgment is hereby reversed, annulled, and set aside, and plaintiff's suit dismissed, at his cost.