*859
 
 PONDER, Justice.
 

 The plaintiff, Curtis J. Nichols, Individually and doing business as Nichols Motor Company of Monroe, brought suit against its insurer, Iowa Mutual Insurance Company, for the recovery of $2,065 plus penalties and attorneys fees, for damages sustained as a result of the theft of two automobiles. The defendant, insurer, answered denying liability under the policy because of certain exclusion clauses. From a judgment in favor of the defendant the plaintiff has appealed.
 

 The case was tried upon an agreed stipulation of facts which sets out: that the policy was in full force and effect; that plaintiff a dealer in Monroe purchased two cars from Nichols Motor Company of Chicago (the similarity of names being coincidental) and that under the terms of the sale the Chicago company agreed to make arrangements on behalf of plaintiff for the transportation of the said automobiles from Chicago to Monroe; that an advertisement was placed in the Chicago paper and in response thereto two men, verbally agreed to drive the cars to Monroe for the price of $25 which was to be paid by the plaintiff upon delivery; that all expenses relative to the driving of the cars to Monroe, including gasoline, oil, service, minor repair and other personal expenses were to be paid by the drivers; that no exact time of delivery nor exact route was designated but it was agreed that delivery was to be made as expeditiously as possible by the most available route; that no further control was attempted to be exercised over the drivers. As a result of this agreement the cars were delivered to the drivers and they failed to deliver same, one being apprehended in Miami and the other being apprehended in Las Vegas. One of the men was charged and convicted of theft and one was arrested on a charge of first degree burglary.
 

 The policy in question is referred to as a dealer’s policy and contains the following exclusion clauses:
 

 “2. Exclusions. Said policy does' not cover:
 

 ******
 

 “(d) Under the Theft, Larceny, Robbery or Pilferage Coverage (if such Policy covers these periods) — loss suffered by the Insured in case he voluntarily parts with title to or possession of any automobile at risk hereunder, whether or not induced so to do by any fraudulent scheme, trick, device or false pretense or otherwise;
 

 “(f) Theft, Larceny, Robbery or Pilferage (if such Policy covers these perils) of any automobile by any person or persons in the Insured’s household or in the Insured’s service or employment, whether the theft, larceny, robbery or pilferage occurs dur
 
 *861
 
 ing the hours of such service or employment or not.”
 

 The issues raised on this appeal are three fold. The first issue presented is whether or not the cars were stolen. The evidence is to the effect that the drivers were guilty of thefi See also Gulf Finance & Securities Co. v. National Fire Insurance Company, 7 La.App. 8; Miller v. Newark Fire Insurance Company of New Jersey, 12 La.App. 315, 125 So. 150.
 

 The second issue presented is whether or not the plaintiff voluntarily parted with possession of the automobiles so as to be excluded under the provisions of Section 2(d) of the policy.
 

 It is stated in 109 A.L.R. at page 1080 that “with the exception of those in Texas, the Courts have unanimously held that a provision in a theft, robbery, or pilferage automobile insurance policy, excepting loss occasioned by an insured’s voluntarily parting with title or possession, whether or not induced so to do by fraudulent scheme, trick, device or false pretense or otherwise, does not preclude recovery from the insurer where the owner of the automobile had merely placed its custody temporarily with another person for a specific purpose such as shelter or repair, without intending an actual transfer of possession.” Louisiana has adopted the temporary custody theory. See Miller v. Newark Fire Ins. Co., 12 La.App. 315, 125 So. 150; Gulf Finance & Securities Co. v. National Fire Ins. Co., 7 La.App. 8 and Beene v. Southern Casualty Co., 168 La. 307, 121 So. 876.
 

 Blashfield in his Cyclopedia of Automobile Law & Procedure states in Section 3524: “However, where there is a mere custody entrusted to another, possession remaining at least constructively in the dealer, as where the car is merely parted with by the owner temporarily, subject to be recalled at any moment and with no intention of passing title such provision in dealer’s policy against theft has been held, in view of the ambiguous meaning of the word ‘possession’ and of other provisions in the policy expressly declaring the insurance on any car void in case of lease or rental, not to withdraw the car from the terms of the insurance.”
 

 Defendant cites no cases to the éffect that in a situation such as here presented, possession or title was intended to be parted with by the owner. It is obvious from the facts that the plaintiff placed the cars in the temporary custody of the drivers and never intended to surrender possession. See McConnell v. Fireman’s Fund Ins. Co., 5 Cir., 178 F.2d 76; Fireman’s Fund Ins. Co. v. Boyd, Fla., 45 So.2d 499; Gibson v. St. Paul Fire & Marine Ins. Co., 117 W.Va. 156, 184 S.E. 562.
 

 It has been held that when loss occurs after the ins'ured has delivered the car to
 
 *863
 
 a garageman, or other bailee having a similar status, with the understanding that the car is to be returned to the insured after the desired service has been rendered by the bailee, the insured is viewed as not having parted with true possession of car, hut merely with custody or as is sometimes said, “custodial possession.” Bennett Chevrolet Co. v. Bankers & Shippers Ins. Co., 58 R.I. 16, 190 A. 863, 109 A.L.R. 1077. See 48 A.L.R.2d 80.
 

 The third issue presented is whether or not the drivers of the automobiles were in the service or employment of the plaintiff so as to come under the provisions of the exclusion set out in section 2(f) of the policy.
 

 It is strongly urged by the plaintiff that the drivers were independent contractors and that no dominion or control was exercised over them by the plaintiff. On the other hand, the defendant vigorously contends that the drivers were in the service or employment of the plaintiff.
 

 In the case of Amyx v. Henry & Hall, 227 La. 364, 79 So.2d 483 this court laid down the test of an independent contract relationship. Therein the court pointed out that this relationship presupposes a contract, a specific piece of work to be done by the contractor according to his own methods without being subject to the control and direction, in the performance of the service, of his employer, except as to the result of the services to be rendered, and the payment of a specified price for the job.
 

 Some of the Louisiana cases dealing with similar exclusionary clauses are as follows: Gulf Finance & Securities Co. v. National Fire Insurance Co., 7 La.App. 8; Bordelon v. Guaranty Fire Ins. Co., 17 La.App. 255, 135 So. 678; Dairy Fertilizer Co. v. American Ins. Co., 18 La.App. 502, 138 So. 154; and Standard Chevrolet Co. v. Federal Hardware & Mutuals, La.App., 178 So. 642.
 

 In Gulf Finance & Securities Co. v. National Fire Ins. Co., supra, the court allowed recovery for a car stolen by a friend saying that the words “service or employment” in the policy apply to one working for a remuneration or compensation and not to one acting gratuitously. In Bordelon v. Guaranty Fire Ins. Co., supra, the car was stolen by the insured’s salesman who had been discharged at the time of the theft but had not returned the car to the insured. The court denied recovery and held that the salesman was a servant or employee within the exclusion clause.
 

 In Dairy Fertilizer Co. v. American Ins. Co., supra, relied upon by the defendant herein, a truck belonging to the insured corporation was left at the home of the corporation’s president and the president instructed one whom he employed as his
 
 *865
 
 yardman and chauffeur to drive the truck to the insured’s garage. The chauffeur instead stole the car and the court held that there could be no recovery under the policy since the loss fell squarely within the exclusionary clause. The chauffeur was held to be in the service of the insured corporation since the act of the insured’s president in directing the taker to drive the truck to the insured’s garage for safekeeping was for the benefit of the insured and one undertaken by the president in his official capacity.
 

 In the case of Standard Chevrolet Co. v. Federal Hardware Implement Mutuals, supra, the agent of an automobile dealer took a boy along with him for the purpose of driving a repossessed automobile back to the dealer’s place of business, and a few hours later, after he had delivered the car, the boy went back, took the car from the dealer’s parking lot, and wrecked it. Therein the boy was held not to be in the employ of the dealer at the time the car was wrecked. The court noted that the terms of the boy’s previous engagement was not disclosed nor was there any proof that the boy ever rendered any other service to the insured hence the boy was not within the exclusionary clause and recovery was allowed.
 

 None of the Louisiana cases above discussed involved the problem of an independent contractor relationship.
 

 In Home Ins. Co. v. Henderson Lodge, 201 Ky. 522, 257 S.W. 422, relied upon by the plaintiff, recovery was allowed and the court found that an independent contract relationship did exist. The car in that case was taken by one whom the plaintiff had engaged to conduct an automobile contest under a contract by which that person was given complete charge of the contest provided that a committee appointed by the plaintiff should assist such person, have power to sign any contract or other papers for the plaintiff that might be required, and to inspect the books of the person in charge. The court stated that the question to be decided was whether the person who took the car was under the terms of the contract an independent contractor. Recovery was allowed on the theory that the person who took the car was in fact an independent contractor since the plaintiff’s committee did not have the right to manage and conduct the contest but had only such rights as were deemed necessary for the accomplishment of the desired end. The right of the plaintiff, through its committee, to control the conduct of the individual who took the car was held not sufficiently established to make out a master-servant relationship.
 

 In the case of Shelton v. National Fire Ins. Co., 115 W.Va. 268, 174 S.E. 887, it was found that in order to be in the service or employment of the insured, within the meaning of the exclusionary clause, it
 
 *867
 
 was essential that the person taking the car be subject to the control or direction of the insured and bound to render personal service to him. The insured herein had given his car to a car washer for the purpose of cleaning and the car washer was held not to be in the service or employment of the insured.
 

 Blashfield’s Cyclopedia of Automobile Law and Practice, Vol. 6, section 3719 at page 329 states: “ ‘Service’ and ‘employment’ are words of common use, and therefore ought to be received when they appear in this connection, according to their meaning as they are understood in common parlance. So considered, they are generally associated with the idea of selection and compensation which are common incidents of service and employment, in their usual and normal significance; and hence, where the insured neither selects nor pays the person unlawfully taking the machine, the latter will not be deemed within his service or employment under the ordinary circumstances.”
 

 The test of whether a master-servant relationship or an independent contractor relationship exists is the right of control the owner of the car has not only as to result, but also as to means and methods adopted to accomplish that result. Thus if the contract of employment is such that the owner may not only prescribe the result desired but may also control or direct the means and methods by which the work shall be done, the relationship of employer and employee, or master and servant exists. But if under the contract the owner has specified the results only and the other party is left to his own election as to the means and methods, the latter is an independent contractor and not an employee. See the cases of Amyx v. Henry & Hall, supra; Rogers v. Boyers, 114 W.Va. 107, 170 S.E. 905; Oakley v. Thornbury, 114 W.Va. 188, 171 S.E. 426 and Shelton v. National Fire Ins. Co., supra.
 

 Plaintiff argues that the drivers herein were engaged to do and perform one particular specific job, that is to drive the automobiles in question from Chicago to Monroe. No control whatsoever was retained over these people other than that they were to do the jobs in accordance with the least possible time and by the most expeditious route. They had not been hired or employed previously by either plaintiff or Nichols Motor Company of Chicago, and the plaintiff was not to give them employment upon their arrival in Monroe. They were to be paid a certain set specific price for doing one certain set specific job and out of that price they were to pay all the expenses incurred on the trip. Therefore, it is apparent that these people were independent contractors performing a contract on a lump sum basis. The means by which the result was to be accomplished was not under the control of plaintiff, but was entirely under the control of the drivers of the cars.
 

 
 *869
 
 Under the facts of the case, we must conclude that the drivers were independent contractors and hence not within the exclusion of the policy.
 

 Plaintiff prays for 25% statutory penalties and $500 attorney’s fees as provided for by LSA-R.S. 22:658. This statute provides that the insurer shall pay claims within sixty days after receipt of proof of loss, and failure to do so after demand therefor, when such failure is found to be arbitrary, capricious or without probable cause, shall subject the insurer to a penalty, in addition to the amount of loss, payable to the insured, together with reasonable attorney’s fees for the prosecution and collection of such loss. We cannot say that under the facts of this case the refusal to pay by the insurer was arbitrary, capricious, or without probable cause and hence the penalties and attorney’s fees cannot be allowed. LSA-R.S. 22:658 is a penalty statute and subject to strict construction. Wright v. National Sur. Corp., 221 La. 486, 59 So.2d 695.
 

 We will have to reduce the amount claimed by plaintiff by $300 for the reason that the policy expressly excludes insured’s prospective profit or overhead charges of any nature whatsoever.
 

 For the reasons assigned, the judgment of the lower court is reversed and set aside and there is now judgment in favor of plaintiff, Curtis J. Nichols, individually and doing business as Nichols Motor Company, and against Iowa Mutual Insurance Company in the sum of $1,765 together with legal interest from judicial demand. All costs to be paid by the defendant, Iowa Mutual Insurance Company.
 

 SIMON, J., absent.