SAMUEL, Judge.
The plaintiff permitted his employee, whose duties included' those of warehouseman and truck driver, to use one of his business trucks for transportation by the employee between the latter’s home and the business, with the further privilege of keeping the truck at home each night and on weekends. The permission was withdrawn, and the employee was forbidden to take the truck home or use it for anything other than business purposes, after the plaintiff discovered that the employee had been using the truck for his own pleasure and had been in an accident while on such a venture.
Early one Sunday morning, in disobedience of this order and while the business was closed for the weekend, the employee entered the building in which the truck was kept and drove it away on another venture of his own. He did not intend to keep the truck or to permanently deprive his employer of the vehicle; the intention was to put the truck back in its garage after he had used it. He was intoxicated at the time and ran into the back of a parked vehicle causing damage to the truck. He was arrested and later, upon arraignment, pleaded guilty to the criminal charges of unauthorized use of moveables, operating a vehicle while intoxicated, and reckless operation of a vehicle.
*178 At the time of this incident the truck was insured under a comprehensive liability policy issued by the defendant. This policy specifically excepted collision but did cover loss or damage caused by theft or by malicious mischief or vandalism. Because of the additional cost involved the plaintiff did not carry collision insurance, although he knew the same was available.
In the trial court the plaintiff obtained a judgment for the damage to the truck occasioned by running into the parked vehicle. The defendant has appealed.
All of the witnesses who testified were plaintiff’s witnesses and the facts are not in dispute. Only one question, and that of law, is involved. Is the defendant liable under the policy provisions which covers damage caused by theft or malicious mischief or vandalism?
An intent to deprive the owner of whatever may be the subject of the taking is an essential element of the crime of theft. LSA-R.S. 14:67.
The law is well settled in Louisiana that there can be no recovery under an automobile policy insuring against theft where there is no intent to permanently deprive the owner of the vehicle. Standard Chevrolet Co. v. Federal H. & I. Mutuals, La.App., 178 So. 642; Laird v. Home Ins. Co. of New York, La.App., 177 So. 603; Boddie v. Home Ins. Co., La.App., 166 So. 178; Gulf & S. I. R. Co. v. Sutter Motor Co., 12 La.App. 495, 126 So. 458.
To the same effect are Daniel et al. v. Transcontinental Ins. Co., 8 La.App. 616, and Miller v. Newark Fire Ins. Co. of New Jersey, 12 La.App. 315, 125 So. 150. For, although the Daniel case is concerned with questions of burden and sufficiency of proof and in the Miller case the intent to deprive permanently was actually present, both cases recognize the principle of law above set forth.
In the instant case all of the evidence, including the testimony of the' employee who took the car and who was called as a plaintiff witness, makes abundantly clear that there was no such intent and, accordingly, the plaintiff cannot recover under the provision as to theft.
The same test must be used in our consideration of malicious mischief and vandalism.
There is no crime now known to the laws of the state of Louisiana as malicious mischief. It has been supplanted by a crime known as “Simple criminal damage to property”. However, an essential element of the old malicious mischief and the present simple criminal damage to property is the necessity of the presence of an intent to do the damage. LSA-R.S. 14:56; Act No. 130 of 1926.
The word vandalism, not specifically covered by any criminal statute of this state, contemplates a wilful, or intentional, destruction or damage. 91 C.J.S. 802.
Applying the rationale of the theft cases to the provision relative to malicious mischief and vandalism, an intent to do the damage here complained of must be present in order for the plaintiff to recover. We are able to find no such intent. No evidence has been offered by the plaintiff, and there is no evidence before the court, which would even suggest that the employee intended to damage or destroy the truck or that he drove the truck in such a manner as to indicate an intent to damage or destroy.
We wish to make it clear that the necessity of the presence of an intent to deprive permanently under theft and to do the damage under malicious mischief and vandalism is essential, not only under a strict policy construction limited to the legal definitions of the words used, but also under a more liberal construction accepting the usual lay meaning of those words. For, in our opinion, the intent referred to in each instant is a part of the concept and connotation of these words in the lay or popular mind. Certainly in the mind of the *179 average lay individual a thief has no intention of returning a stolen article and malicious mischief and vandalism mean more than an accidental damaging.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered that plaintiff’s suit be dismissed at his cost in both courts.
Reversed.