JASPER E. JONES, Judge.
This is an appeal of a motion for summary judgment dismissing with prejudice a suit against the insurance company. The plaintiff-appellant is Lucy Speer Hart. The defendant-appellee is Bankers & Shippers Insurance Company of New York.
FACTS ALLEGED BY PLAINTIFF
On July 26, 1984, the plaintiff entered into a contract with Rod and Elaine Hensley, husband and wife, for the occupancy of a residential mobile home. The plaintiff, as owner of the mobile home, denominated the agreement as a “residential lease/purchase” in which was established an initial term beginning July 26, 1984, and terminating on July 26, 1995. The Hensleys were to pay $248.29 per month and an addendum to the agreement provided that ownership of the property would vest in them at the end of the initial term upon payment of $1.00. This addendum also provided that the plaintiff was to receive written notice by mail 90 days prior to the relocation of the mobile home to other property. On November 24, 1984, the Hensleys had the mobile home relocated from Louisiana to Missouri without giving the plaintiff the required notice. The Hensleys discontinued their monthly lease payments.
The plaintiff filed suit against the Hens-leys alleging illegal conversion. Suit was also filed against Massman Construction Company, Rod Hensley’s employer who paid for the move, against Interstate Carriers, Inc., the commercial carrier who transported the mobile home to Missouri, and against Bankers and Shippers Insurance Company of New York, the insurer covering the risk of loss caused by the theft of the property.
The insurer filed a motion for summary judgment asserting the policy excluded coverage if the loss resulted from theft by any member of the household of a person in lawful possession or custody of the mobile home. The insurer attached a copy of its policy and the lease purchase agreement to the motion for summary judgment. The trial court sustained the motion and dismissed the suit with prejudice.
The plaintiff has appealed. The appellant’s assignments of errors present the following issues for decision:
(1) Does the exclusionary provision in the insurance policy give reasonable notice that coverage does not extend to a loss caused by a lessee absconding with the mobile home?
(2) Was there a genuine issue of material fact whether the lessees gave the required notice prior to relocation of the mobile home because the lawfulness of lessee’s possession depends upon fulfillment of the terms of the lease?
We affirm.
ISSUE NO. 1 — Construction of the exclusionary provision

Law on the construction of exclusionary provisions in insurance contracts

In general, the law of contracts and conventional obligations is applicable to contracts of insurance. Words and phrases employed in an insurance contract are to be construed, interpreted and defined in their ordinary and popular sense rather than a technical, philosophical or limited sense. *1029 Insurance contracts must be interpreted as a whole; all its terms and provisions must be construed together to ascertain the true intent of the parties. Percy v. Safeguard Ins. Co., 460 So.2d 724 (La.App. 3d Cir.1985). Exclusions from an insurance policy, when ambiguous, will be construed in favor of the insured, but tortured constructions which seize on every word as a possible source of confusion will be dismissed as mere sophistry. Leonard, Tutrix of Bland v. Continental Assur., 457 So.2d 751 (La.App. 1st Cir.1984), writ denied, 460 So.2d 1047 (La.1984).
The exclusionary provision in question is worded as follows:
PHYSICAL DAMAGE DOES NOT PROVIDE PAYMENT FOR:
[[Image here]]
Loss or Damage caused by theft, malicious mischief or vandalism by any member of the household of a person in lawful possession or custody of YOUR mobile home ...
The plaintiff argues that the term “lawful possession or custody” is ambiguous and should be construed in her favor. She concedes that the exclusionary provision is not ambiguous as it refers to the intentional conduct of a member of the lawful custodian’s household in damaging the mobile home by vandalism or malicious mischief. The appellant would distinguish the loss caused by the theft of the mobile home by such a person as not being within the exclusionary provision as such conduct would amount to a forfeiture of the lawfulness of the custodian’s status. In essence, the appellant urges that the exclusionary provision does not give reasonable notice that the theft of the mobile home by a lessee would not be covered. We disagree.
The exclusionary provision clearly relates that a loss caused by theft by any member of the household or a person in lawful possession or custody of the mobile home owned by the appellant is not covered by the insurance policy. The appellant does not assert that anyone other than the named lessees absconded with the mobile home. The plaintiff agrees that the lessees would be deemed in lawful possession if the loss had arisen from damage to the property by vandalism or malicious mischief occasioned by them or by one who was a member of their household. We see no principal distinction from those intentional acts and the loss caused by the conduct of a named lessee in absconding with an otherwise undamaged mobile home. In either situation, it would be a breach of the lessee’s contractual obligations and would amount to conduct unambigously provided for in the policy coverage exclusionary provisions.
The plaintiff cites the case of Nichols v. Iowa Mutual Ins. Co., 232 La. 856, 95 So.2d 338 (1957) where the court found the word “possession” did not include the sur-' render of temporary custody and did not activate an exclusion clause. In the instant case, there is no ambiguity in the term “possession” in the exclusion clause or in its applicability to the lessee’s lengthy and possibly permanent possession under the terms of the lease agreement. The Nichols case does not support the proposition that the exclusionary provision is unclear nor inapplicable to the facts presented here. The plaintiff also cites Gomez v. Security Insurance Company of Hartford, 314 So.2d 747 (La.App. 4th Cir.1975) where the word “theft” was held to be ambiguous and to include misappropriation by fraudulent conduct. The court’s pronouncement that the word “theft” was ambiguous was pure dicta as theft in Louisiana has long included a misappropriation by fraudulent conduct. The court concluded the acquisition of possession of the vehicle and the title to it by fraudulent conduct was a loss within the scope of an insurance policy which covered the risk of loss by theft. The Gomez case does not support plaintiff’s contention that the exclusionary clause is not applicable. In the instant case, there is no ambiguity as to the type of conduct falling within the exclusionary provision. The plaintiff describes the lessee’s conduct as theft and bases her cause of action against the insurer upon *1030 the theft coverage provisions contained in the insurance policy.
We conclude that the wording of the exclusionary provision is not ambiguous and the exclusion clause precludes coverage on the factual loss presented by plaintiffs petition. In the case of Dupre v. Western Assurance Company, 112 So.2d 165 (La.App. 1st Cir.1959) a similar exclusion clause was found to preclude coverage on theft coverage contained in an insurance policy where the insured voluntarily surrendered possession to a purported purchaser who paid for the vehicle with a check drawn on a bank where no funds were on deposit to cover the check.
ISSUE NO. 2 — The lawfulness of the possession of the mobile home by the Hens-leys
A lessee’s lawful possession of a residential mobile home which has not been abandoned can only be terminated by judicial process. LSA-R.S. 9:3261 et seq.; LSA-C.C.P. arts. 4701-4705; 4731-4735; Cf. Bunel of New Orleans, Inc. v. Cigali, 348 So.2d 993 (La.App. 4th Cir.1977), writ den., 350 So.2d 1210 (La.1977). A lessee’s breach of a contractual provision may adversely affect the right of occupancy but it will not, in and of itself, affect the lawfulness of the possession of the movable property. Cf. Clark v. Clark, 377 So.2d 544 (La.App. 3d Cir.1979). An owner’s lawful possession of a residential mobile home, whether immobilized or not, can be terminated for non-payment of the purchase price only after a secured creditor submits proof of such a contractual breach to a court of law. LSA-R.S. 9:1149.3, 1149.4; LSA-C.C.P. arts. 851 et seq., 2501-2504, 2631-2644.
The plaintiff argues that the Hensleys’ conduct in absconding with the mobile home acts as a unilateral forfeiture of the lawfulness of their possession. We cannot agree.
The record fails to establish that the mobile home was ever abandoned. As such, the conduct of the Hensleys, whether they are deemed lessees or owners of the mobile home, cannot destroy the lawfulness of their possession. In either context, the plaintiff, as a lessor or as a secured creditor, must first resort to some type of judicial process before the Hensleys could be determined to have lost the lawfulness of their custody of the mobile home.
There was no issue of fact presented because the record establishes that the lawful possession of the lessee/purchaser had not been terminated. The provision of the policy excluded coverage for theft by a person in lawful possession. The defendant was entitled to the summary judgment because there was not a genuine issue of fact and mover was entitled to judgment as a matter of law. LSA-C.C.P. art. 966.
AFFIRMED at appellant’s cost.